629 So.2d 192 (1993)
Nestor TORRES and Donna Torres, his wife, Appellants,
v.
OFFSHORE PROFESSIONAL TOUR, INC., Appellee.
No. 92-1644.
District Court of Appeal of Florida, Third District.
November 9, 1993.
As Amended on Denial of Rehearing and/or Certification January 6, 1994.
*193 Grossman & Roth, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel Eaton, Miami, for appellants.
Wilson, Eiser, Moskowitz, Edelman & Dicker and Robin Tayulor Symons and Neil F. McGuinness, Miami, for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
BASKIN, Judge.
Plaintiffs Nestor Torres, and his wife Donna Torres, [collectively "Torres"], appeal from a final summary judgment in favor of Offshore Professional Tour, Inc. [OPT].
Nestor Torres was injured in a boat crash while participating in a celebrity boat race conducted by OPT. Torres sued OPT seeking damages on theories of strict liability and negligence, and later amended the complaint to assert breach of statutory and regulatory duties. Prior to the race Nestor Torres executed three releases: 1) "Agreement of Release" on the Offshore Entry Blank; 2) "Release and Waiver of Liability and Indemnity Agreement"; and 3) "Agreement of Release for Membership." OPT filed a motion for summary judgment asserting that the documents Torres had executed released it from liability. At the hearing on the motion, Torres argued that the first two releases apply to other races and parties and that the third release does not relieve OPT from liability arising from breach of statutory and/or regulatory duty. In opposition to summary judgment, Torres submitted expert affidavits concerning OPT's failure to satisfy statutory requirements. OPT asserted that it was not sanctioned, warned, cited, or penalized for any violations. The trial court granted OPT's motion and entered final summary judgment.
Torres argues that OPT's failure to secure certain permits was a violation of section 327.48, Florida Statutes (1991),[1] and state and federal regulations designed to protect boaters and spectators. The failure, Torres asserts, constitutes negligence per se; thus, the releases do not insulate OPT from liability in this action.
Negligence per se arises from a violation of any statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury. deJesus v. Seaboard Coast Line R.R. Co., 281 So.2d 198, 201 (Fla. 1973). *194 Plaintiff must establish membership in the class of persons the statute intended to protect, demonstrate that the injury is of the type the statute was designed to protect, and show that the injuries are a proximate result of the violation of the statute. deJesus, 281 So.2d at 201.
The facts Torres alleged in support of the cause of action are sufficient to establish these elements and defeat OPT's motion for summary judgment: As a boater, Torres was a member of the class of persons the statute was designed to protect; the statute endeavors to avoid injuries caused by boating accidents; Torres's injuries are a proximate result of a boating accident which occurred during a race for which the promoter did not secure a permit. The enforcement of a release or waiver immunizing a boat race promoter from liability for breach of a positive statutory duty designed to protect the well-being of the person executing the release, see John's Pass Seafood Co. v. Weber, 369 So.2d 616, 618 (Fla. 2d DCA 1979), would be contrary to public policy. See Rollins, Inc. v. Heller, 454 So.2d 580 (Fla. 3d DCA 1984), review denied, 461 So.2d 114 (Fla. 1985).
We hold that the trial court erred in entering summary judgment when issues of fact remain unresolved regarding OPT's conduct, and whether the conduct amounts to negligence per se. See Moore v. Morris, 475 So.2d 666 (Fla. 1985). We therefore reverse the summary judgment and remand for further proceedings.
Our holding makes it unnecessary for us to address the other releases or to reach the remaining points raised on appeal.
Reversed and remanded.
NOTES
[1] Section 327.48 provides: "Any person directing the holding of a regatta, tournament, or marine parade or exhibition shall secure a permit from the coast guard when such event is held in navigable waters of the United States. A person directing any such affair ... shall notify the sheriff of the county, ... in order that appropriate arrangements for safety and navigation be assured. Any person or organization sponsoring a regatta or boat race ... shall be responsible for providing adequate protection to the participants ... ." (Emphasis added.)