STONE, Judge.
We reverse an order in this interpleader action denying Appellant’s claims for fees and costs based on an offer of judgment. It is undisputed that section 768.79, Florida Statutes, applies only to actions for money damages. The essential issue in this ease involved the competing claims to funds deposited in the court registry between Appel-lee-Porchester Holdings, a judgment creditor of John Faro, and Burtman, the trustee under a family trust to whom Faro had assigned his claims to the interplead funds. The fund constitutes a refund of attorney’s fees owed Faro by the interpleading attorney.
In V.I.P. Real Estate Corp. v. Florida Executive Realty Management Corp., 650 So.2d 199 (Fla. 4th DCA 1995), we recognized that section 768.79 applies to an inter-pleader action where the issue is which of competing brokers is entitled to the inter-pleaded funds. See also Coast to Coast Real Estate, Inc. v. Waterfront Properties, Inc., 668 So.2d 686 (Fla. 4th DCA 1996). Similarly, the Third District affirmed an award of fees under section 768.79 where there were competing claims by a buyer and seller. Press v. Jordan, 670 So.2d 1016 (Fla. 3d DCA 1996). Although the connection between the specific interplead funds and the competing claims is more tenuous in this case, there is no basis to conclude that the legislature did not intend the statute to apply to competing creditor’s claims against a fund where the essential issue is clearly a dispute over money.
We recognize that this case also involved a cross-claim to set aside a fraudulent transfer, which does not qualify under the statute as a claim for civil damages. However, it is clear that the fraudulent transfer issue is raised for the purpose of defeating Appellant’s claim for monetary relief and does not preclude our recognizing that this action essentially involves conflicting claims for money.
We reverse and remand for further proceedings applying section 768.79, as to fees, and section 57.041, as to costs. Any other issues raised on appeal are moot as we have not considered the question of entitlement on the merits upon applying the offer of judgment statute.
FARMER and PARIENTE, JJ., concur.