718 So.2d 1275 (1998)
Wanda DI PAOLA and Steven Rinko, Appellants,
v.
BEACH TERRACE ASSOCIATION, INC.; and Nancy Steiner, Matil Spencer, Dan O'Keefe, Edward Page, and John Lingris, in their capacity as current or former Directors of Beach Terrace Association, Inc., Appellees.
No. 97-02971.
District Court of Appeal of Florida, Second District.
October 14, 1998.
*1276 Mark A. Hanson of the Law offices of Lobeck & Hanson, P.A., Sarasota, for Appellants.
Richard R. Garland of Dickinson & Gibbons, P.A., Sarasota, for Appellees.
NORTHCUTT, Judge.
Wanda Di Paola and Steven Rinko, unit owners in a condominium, sued for damages and equitable relief against their condominium association, various of the association's past and present directors, and other unit owners. The circuit court eventually entered judgment on the complaint, which we affirmed. See Di Paola v. Beach Terrace Ass'n, Inc., 711 So.2d 536 (Fla. 2d DCA 1998).
The circuit court then rendered an order awarding attorney's fees to the association and the directors based on their prior offer of judgment. Di Paola and Rinko now challenge both the court's award of fees and its determination that they were not prevailing parties for purposes of attorney's fees under section 718.303, Florida Statutes (1995). We agree with both their contentions and reverse the order.
Di Paola and Rinko set out six counts in their amended complaint. For purposes of this appeal, the relevant counts are count IV, which sought damages and injunctive relief against the association, and count VI, which sought damages against the directors. The circuit court entered a directed verdict in favor of the directors on count VI, but found in favor of Di Paola and Rinko on count IV. The court awarded them damages of $750.00, plus prejudgment interest of $284.79, for a total of $1,034.79.
Di Paola and Rinko moved for an award of attorney's fees and costs on count IV, as prevailing parties under section 718.303(1), which provides for such an award in a suit between a unit owner and an association. The association and the directors sought section 718.303(1) prevailing party fees under count VI. On count IV they requested fees based on their offer of judgment, which stated:
COMES NOW Defendant, BEACH TERRACE ASSOCIATION AND DIRECTORS, by and through their undersigned counsel, and offers Plaintiffs, WANDA DI PAOLA and STEVEN RINKO, pursuant to § 768.79 Florida Statutes, to allow judgment to be taken against Defendants, BEACH TERRACE ASSOCIATION AND DIRECTORS, on all claims against Defendants, BEACH TERRACE ASSOCIATION AND DIRECTORS, and in favor of Plaintiffs, WANDA DI PAOLA and STEVEN RINKO, in the total amount of, including costs and attorney's fees, TWO THOUSAND AND ONE DOLLARS AND NO/100THS ($2,001.00).
The circuit court denied the association's and directors' motion for prevailing party fees under count VI because they had failed to plead entitlement to the fees in their answer. That portion of the order has not been challenged on appeal, and our decision does not affect it. On count IV, the court determined that the amount Di Paola and Rinko recovered was at least twenty-five percent less than the amount of the offer of judgment. It ordered them to pay the association *1277 and the directors attorney's fees of $2,160.00.
We begin our analysis by noting that the association and the directors were not sued in the same counts and were not sued for the same damages. In fact, although the order awarded fees to both the association and the directors under count IV, only the association was a defendant in that count. Clearly, the directors were not entitled to fees in its regard.
The award of fees to the association under count IV was in error because the offer of judgment was flawed in two ways. First, the joint offer was not specific enough to enable the circuit court to determine the amount attributable to which offeror for which claim. See Twiddy v. Guttenplan, 678 So.2d 488 (Fla. 2d DCA 1996). As previously noted, the association and the directors were not jointly sued in either count IV or count VI. The court compared the amount of the offer to the amount the plaintiffs recovered against the association in count IV. Nothing in the offer stated that the $2,001 pertained only to count IV. For all anyone knows, only $1.00 of the total amount was offered for entry of judgment on that count against the association, and the rest of the offered amount was to resolve the claim against the directors in count VI. The calculation necessary to determine the applicability of section 768.79 is impossible to perform with any certainty. Consequently, the offer could not support an award of fees. See Twiddy.
Second, the offer was ambiguous. The plaintiffs sought both damages and injunctive relief against the association in count IV, and injunctive relief in other counts. The offer did not state whether the association was agreeing to entry of injunctions, yet it claimed to be an offer to allow judgment on "all claims." See Hartford Cas. Ins. Co. v. Silverman, 689 So.2d 346 (Fla. 3d DCA 1997), review denied, 707 So.2d 1124 (Fla. 1998). If the plaintiffs had accepted the offer, they might have been forced to continue litigating their requests for injunctive relief. The purposes of section 768.79 include the early termination of litigation. An offer of judgment that would not allow immediate enforcement on acceptance is invalid. See McMullen Oil Co., Inc. v. ISS Intern. Service System, Inc., 698 So.2d 372 (Fla. 2d DCA 1997).
For the foregoing reasons, we reverse the court's award of attorney's fees to the association and directors on count IV of the plaintiffs' amended complaint.
Although not specifically stated in its order, the court apparently rejected Di Paola's and Rinko's request for attorney's fees as prevailing parties under section 718.303(1). We presume it did so because it awarded attorney's fees to the association based on the offer of judgment. Because we have held the offer invalid, and ruled that it does not support an award of fees, the plaintiffs clearly are the prevailing parties on count IV for purposes of a fee award under section 718.303(1). On appeal, the association argues that the plaintiffs are not entitled to statutory fees because they failed to request them in count IV of the complaint. Di Paola and Rinko pleaded entitlement to section 718.303(1) fees in the general allegations of their complaint, but failed to incorporate the relevant paragraph into their allegations under count IV. We reject the association's position because it did not argue this contention to the lower court, and consequently it has waived the argument on appeal. See Brown v. Department of Health and Rehabilitative Services, 582 So.2d 113 (Fla. 3d DCA 1991). We remand to the circuit court to determine a reasonable fee for Di Paola's and Rinko's attorney for pursuing count IV.
Reversed and remanded.
PARKER, C.J., and RONDOLINO, Associate J., concur.