987 So.2d 758 (2008)
Sue A. LOEWE and Warren Loewe, Appellant,
v.
SEAGATE HOMES, INC., Appellee.
No. 5D07-1683.
District Court of Appeal of Florida, Fifth District.
July 11, 2008.
Rehearing Denied August 13, 2008.
*759 Michael J. Korn and Mary C. Coxe of Korn & Zehmer, P.A., Jacksonville, and Elizabeth M. Moses of Barnes & Cohen, PA., Jacksonville, for Appellant.
G. Michael Burnett of Schutt, Schmidt, Burnett & Noey, Jacksonville, for Appellee.
EVANDER, J.
The Loewes appeal from a final order dismissing their complaint against Seagate Homes, Inc., with prejudice. The trial court found that the Loewes' claim was barred by an exculpatory clause in the parties' purchase contract. Because we find the clause was unenforceable, we reverse.
In June, 2003, the Loewes entered into a purchase agreement with Seagate for the construction and purchase of a new home. The closing took place on October 26, 2004, and the Loewes moved into their new residence on November 1, 2004. The Loewes allege that less than a week thereafter, a bathroom closet door fell off its track and struck Mrs. Loewe in the eye, causing serious and permanent injuries. The Loewes then filed a negligence action against Seagate. Count 1 sought damages for injuries to Mrs. Loewe and Count 2 was a claim for loss of consortium by Mr. Loewe.
The purchase contract included a seller's warranty that the construction would be of good quality and in accordance with generally accepted industry standards. The contract also contained an exculpatory clause which purported to release Seagate from any liability for personal injury caused by Seagate's construction practices regardless of whether the injury resulted from Seagate's negligence, gross negligence, or intentional conduct:

*760 Release. The Buyer hereby acquits, releases, exonerates, and discharges Seller, its officers, directors, owners, employees, their successors, legal representatives and assigns from any amount of damages, including but not limited to medical expense, lost wages, pain and suffering and disability resulting directly or indirectly from bodily injury, personal injury, or property damage, that may be or is caused, suffered or incurred by the Buyer, the Buyer's guests, employees, agents, suppliers, contractors or subcontractors at any time as the result in part or in whole from the construction process, the constructed dwelling or the lot on which it is constructed, the materials and supplies used in or incorporated into the dwelling or the lot on which it is constructed and the components therein. This Release shall apply and be effective regardless of the cause of the injury or damage, including but not limited to negligence, gross negligence, strict liability or the intentional conduct of any of the foregoing releasees.
In granting Seagate's motion to dismiss, the trial court found that the exculpatory provision was unambiguous and enforceable.
On appeal, the Loewes raise several challenges to the validity of the exculpatory clause. We find dispositive the Loewes' contention that the clause was void because it contravenes public policy.
Exculpatory clauses are disfavored in the law because they relieve one party of the obligation to use due care and shift the risk of injury to the party who is probably least equipped to take the necessary precautions to avoid injury and bear the risk of loss. Nevertheless, because of the countervailing policy that favors the enforcement of contracts as a general proposition, unambiguous exculpatory provisions are enforceable unless they contravene public policy. Applegate v. Cable Water Ski, L.C., 974 So.2d 1112, 1114 (Fla. 5th DCA 2008).
Here, the exculpatory clause is obviously unenforceable to the extent that it attempts to release Seagate of liability for an intentional tort. Kellums v. Freight Sales Centers, Inc., 467 So.2d 816 (Fla. 5th DCA 1985); see also L. Luria & Son, Inc. v. Honeywell, Inc., 460 So.2d 521 (Fla. 4th DCA 1984); Goyings v. Jack and Ruth Eckerd Foundation, 403 So.2d 1144 (Fla. 2d DCA 1981). Furthermore, a party may not contract away its responsibility to comply with a building code when the person with whom the contract is made is one of those whom the code is designed to protect. John's Pass Seafood Co. v. Weber, 369 So.2d 616 (Fla. 2d DCA 1979).
In the present case, the Loewes' complaint was dismissed prior to a determination of whether Seagate's alleged negligence also constituted a building code violation. Regardless of whether the Loewes are ultimately able to establish a code violation, we find that the exculpatory clause is unenforceable to the extent it purports to absolve Seagate of liability for personal injuries to Mrs. Loewe caused by Seagate's alleged negligence.
Florida's comprehensive regulation of the licensing of building contractors[1] and building construction standards[2] reflect a clear public policy to protect purchasers of residential homes from personal injuries caused by improper construction practices. Section 489.101 provides that the Legislature *761 "deems it necessary in the interest of the public health, safety, and welfare to regulate the construction industry." The Legislature has further found that a contractor's accountability for work performed is essential to the protection of the public. § 553.781(1), Fla. Stat. (2003). To permit builders of residential homes to absolve themselves from liability for personal injury caused by their negligent acts would undermine the Legislature's intent to protect the public from unsafe construction practices.
Seagate cites to our decision in Hardage Enterprises, Inc. v. Fidesys Corp., N.V., 570 So.2d 436, 439 (Fla. 5th DCA 1990) for the proposition that exculpatory clauses should be upheld "where the contract is between persons of equal bargaining power and the provisions are clear and unambiguous." However, Hardage is readily distinguishable because the challenged provision barred liability for past negligent acts, not future misconduct. Furthermore, we observed that we were not confronted with a situation where public policy mandated a different result. Id. at 439. Even assuming, arguendo, that the parties here were in an equal bargaining position, a builder should not be free to negligently, recklessly, or intentionally construct a residence in a manner that will unreasonably threaten the life, health or safety of its future occupants.
REVERSED and REMANDED.
PLEUS and COHEN, JJ., concur.
NOTES
[1] Ch. 489, Part I, Contracting, Fla. Stat. (2003).
[2] Ch. 553, Building Construction Standards, Fla. Stat. (2003).