PER CURIAM.
 

 AFFIRMED.
 
 See Loewe v. Seagate Homes, Inc.,
 
 987 So.2d 758, 760 (Fla. 5th DCA 2008) (a release or exculpatory clause that attempts to prospectively insulate a party from liability for violating a statute or ordinance enacted to protect the public is generally unenforceable as against public policy);
 
 VoiceStream Wireless Corp. v. U.S. Communications, Inc.,
 
 912 So.2d 34, 38 (Fla. 4th DCA 2005) (“a party cannot waive liability imposed by statutory provisions that are intended to protect both an individual and the public because to do so would be contrary to public policy”);
 
 Holt v. O’Brien Imports of Fort Myers, Inc.,
 
 862 So.2d 87, 89 (Fla. 2d DCA 2003) (“[A]n individual cannot waive the protection of a statute that is designed to protect both the public and the individual.”) (quoting
 
 Coastal Caisson Drill Co. v. Am. Cas. Co.,
 
 523 So.2d 791, 793 (Fla. 2d DCA 1988),
 
 approved,
 
 542 So.2d 957 (Fla.1989));
 
 see also,
 
 11 Fla. Jur.2d
 
 Contracts
 
 § 126 (“[W]here public policy would be frustrated by permitting the enforcement of an exculpatory clause that effectively immunizes a party from liability from breach of a positive statutory duty to protect the well-being of others, the exculpatory clause will not be enforced.”);
 
 Torres v. Offshore Professional Tour, Inc.,
 
 629 So.2d 192, 194 (Fla. 3d DCA 1993) (same);
 
 John’s Pass Seafood Co. v. Weber,
 
 369 So.2d 616, 618 (Fla. 2d DCA 1979) (same).
 

 GRIFFIN, LAWSON and COHEN, JJ., concur.