KAPLAN, MICHAEL G., Associate Judge.
Palm Beach Polo Holdings, Inc. timely appeals a final money judgment entered in favor of Equestrian Club Estates Property Owners Association, Inc. awarding attorney’s fees pursuant to a proposal for settlement. This Court has jurisdiction. Fla. R.App. P. 9.030(b)(1)(A).
Appellee, Equestrian Club Estates Property Owners Association, Inc. (Association) owns a private road which the appellant, Palm Beach Polo Holdings, Inc. (Palm Beach Polo) wanted to use to access an otherwise landlocked parcel of property know as the “one hundred acre lot.” On May 11, 2001, Palm Beach Polo filed its second amended complaint, which is the operative complaint upon which the case was tried. Count 1 of the second amended complaint alleged that Palm Beach Polo was entitled to three hundred votes in the election of the board of directors of the defendant property owners association due to rights allegedly granted at the time the property was developed. Palm Beach Polo *142 alleged in Count 2 that the defendant had tortiously interfered with the plaintiffs attempts to sell the property by denying it access to the road, thereby resulting in monetary damages. In Count 6 of the complaint, Palm Beach Polo sought declaratory and injunctive relief, requiring the Association to recognize that the.plaintiff enjoyed an implied grant of way of necessity, entitling it to use the defendant’s private road to access the “one hundred acre lot.” On May 11, 2001, Palm Beach Polo moved for a temporary injunction, which was granted by the trial court on July 29, 2002. The court required the Association to remove the fence at the southern end of the private road and, pending trial, to allow Palm Beach Polo access to the “one hundred acre lot” through the guard house that the defendants controlled. The trial court ultimately required payment of a fifty thousand dollar bond by Palm Beach Polo.
A non-jury trial was held from May 2, 2005 through May 11, 2005, resulting in a final judgment in favor of the defendant Association. The trial court found that there was no common law way of necessity and that the alleged right to three hundred votes as to the defendant’s board of directors no longer existed. The Court further rejected the tortious interference claim because there was no showing that the defendant was aware of the contracts allegedly interfered with and because there was no prior determination that a way of necessity existed justifying any interference with access to the “one hundred acre lot”. The final judgment also dissolved the temporary injunction. Palm Beach Polo appealed the final judgment. This Court affirmed with opinion. Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Property Owners Ass’n, Inc., 949 So.2d 347 (Fla. 4th DCA 2007).
The defendant moved for attorney’s fees based, in part, on three proposals for settlement dated December 4, 2001, February 1, 2002 and April 30, 2004. Each proposal for settlement was pursuant to Rule 1.442, Florida Rules of Civil Procedure and Section 768.79, Florida Statutes (2008), and offered to pay $1,001.00 as complete and final resolution and settlement of all claims. The Association’s April 30, 2004 proposal offered the payment “as a complete and final resolution and settlement of all claims asserted by [Palm Beach Polo] against [Association] in this action.” The February 1, 2002 proposal for settlement used similar language. It stated “the proposal for settlement is for all claims brought against defendant, Equestrian Club Estates Property Owners Association, Inc., a Florida corporation, by the plaintiff, Palm Beach Polo Holdings, Inc., arising out of the litigation in this lawsuit.”
On May 23, 2006, the trial court entered its order on the attorney’s fees sought pursuant to the proposals for settlement. The trial court found that this case was an action for damages for purposes of application of section 768.79 and its corresponding rule. The trial court explained:
First, the plaintiff at trial and in its final argument to this court in the form of a proposed final judgment asked for damages against the defendant in an amount in excess of $8.6 million. It defies common sense, logic and would be a perversion of the rule and statute if this court were to consider a claim seeking an excess of $8.6 million to be not one for “damages”. While it is certainly true that a large portion of the trial dealt with whether or not the plaintiffs were entitled to a common law way of necessity across the defendant’s property, this claim was, in fact, the predicate for the claim for damages. In other words, absent a right-of-way of necessity, Plaintiffs’ claim for damages was not support *143 able. The mere fact that the plaintiff sought a common way of necessity across the defendant’s property as a predicate for its damage claim does not remove this cause from the statute or rule. This is also supported by the deposition testimony of Mr. Riemer that the original demand upon the Board of Directors made personally by Mr. Straub on behalf of the plaintiffs was that the entire matter could be resolved for a total payment by the defendants of $10 million. It would be contrary to the intent and purposes behind the statute not to allow a defendant who has been sued for an amount in excess of $8.6 million not to be able to attempt to resolve that dispute through a Proposal for Settlement.
The trial court subsequently held an evi-dentiary hearing to determine the amount of attorney’s fees awarded in an amended final judgment. The amended final judgment granted $441,625.00 in attorney’s fees and $83,775.16 in pre-judgment interest, for a total judgment of $525,340.16.
Section 768.79 provides the substantive law concerning offers of judgment and proposals for settlement, while Rule 1.442, provides its procedural mechanism. Saenz v. Campos, 967 So.2d 1114, 1116 (Fla. 4th DCA 2007). This Court applies a de novo review in determining whether an offer of settlement comports with rule 1.442 and section 768.79. Brower-Eger v. Noon, 994 So.2d 1239 (Fla. 4th DCA 2008).
The offer of judgment statute applies only to civil actions “for damages.” § 768.79. In this case, the action brought by Palm Beach Polo involved three essential Counts, two seeking declaratory judgment and only one seeking damages. One of the declaratory counts sought a way of necessity to obtain access to the “one hundred acre lot.” As pointed out by the trial judge, this claim served as a predicate for the tortious interference action, but it also had significant value independent of any monetary recovery for tortious interference.
In the instant case, the complaint contained two independent, significant claims, such that it could be characterized only as an action for both damages and non-monetary, declaratory relief. In order to determine whether the trial court erred in finding that the defendant is entitled to attorney’s fees pursuant to the offer of settlement, it must be determined whether a general offer applying to an entire case that includes both claims for damages and other claims can be binding upon the unsuccessful party. This issue has not yet been addressed by this court.
This court has addressed whether certain claims constitute actions “for damages.” In Novastar Mortgage, Inc. v. Strassburger, 855 So.2d 130, 131 (Fla. 4th DCA 2003), we rejected an argument that a mortgage foreclosure action was not an action for damages, pointing to the plaintiffs prayers for attorney’s fees and costs and noting the argument that the case “was only about money.” In National Indemnity Co. of the South v. Consolidated Insurance Services, 778 So.2d 404, 408 (Fla. 4th DCA 2001), the complaint sought only declaratory relief as to insurance coverage. Because no damages or payment of money was directly requested, this court concluded that the trial court was correct in finding that the offer of judgment statute did not apply. In so doing, this court characterized its task as looking at “whether the ‘real issue’ is one for damages or declaratory relief.” Id. This clearly does not contemplate an action such as the one at bar where both declaratory and damage relief are sought. In Nelson v. Marine Group of Palm Beach, Inc., 677 So.2d 998, 999 (Fla. 4th DCA 1996), the plaintiff brought a declaratory action, but the only *144 issue was money, whether the defendant was entitled to retain a deposit as liquidated damages or whether the plaintiff was entitled to its return. The court construed this as an action for damages and thus applied the statute. In V.I.P. Real Estate Corp. v. Fla. Executive Realty Mgmt. Corp., 650 So.2d 199, 201 (Fla. 4th DCA 1995), this court applied the statute to an interpleader action, since the real issue there was entitlement to a real estate commission. Finally, in Burtman v. Porchester, 680 So.2d 631, 632 (Fla. 4th DCA 1996), the court applied the statute to an interpleader action despite the existence of a cross-claim to set aside a fraudulent transfer, which does not qualify under the statute as a claim for civil damages. This court clarified that the fraudulent transfer issue was raised for purposes of defeating the plaintiffs claim for monetary relief and therefore did not preclude recognizing the action as one that essentially involved conflicting claims for money. Id.
The offer of judgment statute is in derogation of the common law rule that each party pays its own fees and, therefore, its language must be strictly construed. Campbell v. Goldman, 959 So.2d 223, 226 (Fla.2007). This is the case despite the legislature’s clear intent to encourage settlement of claims by permitting the assessment of attorney’s fees against a losing party facing a valid offer of settlement. Unicare Health Facilities, Inc. v. Mart, 553 So.2d 159 (Fla.1989).
Our supreme court addressed the strict construction of the offer of judgment statute in Campbell, 959 So.2d at 226. In that case, the proposal for settlement was served upon the defendant but was never accepted, or filed with the trial court, nor did the proposal make reference to the applicable statute, section 768.79. In invalidating the offer of settlement, the court found that the plain language of this “penal, fee-shifting provision” required that the offer must state that it is being made pursuant to the statute.
Similarly, strict construction of the statute and rule should not allow application of a general offer of settlement, sought to be applied to claims seeking non-monetary relief as well as actions for damages. In this case, each offer of settlement filed was general, such that it applied to all claims contained within the complaint which, of course, included both a claim for damages and non-economic claims. Strict construction of the statute leads to the conclusion that when an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, then the fact that it also seeks damages does not bring it within the offer of judgment statute.
The facts of this case are similar to those in DiPaola v. Beach Terrace Ass’n, Inc., 718 So.2d 1275 (Fla. 2d DCA 1998). The plaintiffs, unit owners in a condominium, sued for damages and equitable relief against their condominium association and other co-defendants. The trial court found in favor of the plaintiffs on count four of their complaint, which sought both damages and injunctive relief. However, the court further determined that the amount recovered by the plaintiffs did not exceed the requisite amount under the offer of judgment and ordered them to pay attorney’s fees to the defendant association. On appeal, the second district held that the offer was ambiguous in that it failed to state whether the defendant association was agreeing to the entry of injunctions in addition to settlement of the plaintiffs’ damages claim despite its claim to be an offer to allow judgment on “all claims.” Id. at 1277. The court therefore reversed the trial court’s award of attorney’s fees pursuant to the offer of judgment, finding *145 the offer invalid under section 768.79.[1] Id.
Here, the proposals for settlement did not state whether the association was agreeing to entry of any injunctions, or declaration of Palm Beach Polo’s grant of way of necessity, yet it claimed to be a proposal to settle all claims. If the statute were read to permit a proposal for settlement to apply to a case in which there were claims for non-economic relief as well as for damages, the offeree would be forced either to accept the proposal and continue to litigate the request for injunc-tive and non-economic relief or to give up their non-damage claims. The purposes of section 768.79 include the early termination of litigation. A proposal for settlement in a case such as this one does not satisfy that purpose, as its acceptance would not terminate the litigation nor resolve those claims not seeking damages. Because the proposals for settlement addressed a complaint that included non-damages claims, they do not comply with the statute, and we find them invalid and reverse the trial court’s order awarding fees.

Reversed and Remanded.

POLEN, J., concurs.
CIKLIN, J., concurs; he did not participate in oral argument, but has had the opportunity to review the entire proceedings.

. At the time of the DiPaola decision, section 768.79 was not limited by its language to "claims for damages,” nonetheless, the same reasoning that applied to that offer, finding it ambiguous under the then-existing statute, is applicable to the case at bar.