EVANDER, J.
 

 ON MOTION FOR REVIEW UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.400(c)
 

 Defendants below, JM Family Enterprises, Inc., JM Auto, Inc, JM Auto II, Inc., and Southeast Toyota Distributors, LLC, seek review, pursuant to Florida Rule of Appellate Procedure 9.400(c), of an order denying their respective motions for attorneys’ fees. We affirm. Where, as here, a plaintiff seeks both monetary damages and injunctive relief as part of the same claim(s), section 768.79, Florida Statutes, does not apply.
 

 In its third amended complaint, plaintiff below, Winter Park Imports, Inc., d/b/a Lexus of Orlando, brought an action against the defendants based on alleged violations of the Florida Motor Vehicle Dealer Act, sections 320.60-.70, Florida Statutes (2005). Pursuant to section 320.695,
 
 [1]
 
 the plaintiff sought injunctive re
 
 *338
 
 lief to 1) prohibit defendants from owning or operating a Lexus dealership in Orange County, Florida, 2) prohibit defendants, JM Family, JM Auto, and Southeast Toyota from owning or operating a Lexus dealership in Margate, Florida, and 3) enjoin defendant JM Auto’s alleged unlicensed operation of Lexus dealerships within the state of Florida and its alleged unlicensed operation of a Lexus distributorship. The plaintiff also sought monetary damages against the defendants pursuant to section 320.697.
 
 [2]
 
 Although the plaintiff divided its third amended complaint into counts seeking injunctive relief and counts seeking monetary damages, its claims arose from alleged violations of the Act that, if proven, would permit both monetary and injunc-tive relief. The defendants filed an answer denying liability, setting forth various affirmative defenses, and requesting attorneys’ fees. Additionally, two of the defendants, JM Family and Southeast Toyota, filed counterclaims.
 

 In early 2007, each defendant served a separate offer of judgment on the plaintiff, tendering a monetary amount as full settlement of all of plaintiffs claims against that particular defendant.
 
 [3]
 
 The plaintiff rejected the offers.
 

 Subsequently, the plaintiff successfully obtained a summary judgment on the counterclaims brought by JM Family and Southeast Toyota. That order was affirmed by this court.
 
 See JM Family Enters., Inc. v. Winter Park Imports, Inc.,
 
 10 So.3d 1133 (Fla. 5th DCA 2009). The trial court later entered a summary final judgment in favor of the defendants on plaintiffs third amended complaint. That decision was also affirmed by this court.
 
 See Winter Park Imports, Inc. v. JM Family Enters., Inc.,
 
 24 So.3d 633 (Fla. 5th DCA 2009). Thereafter, defendants filed their motions for attorneys’ fees based on plaintiffs rejection of their respective offers of judgment.
 

 Section 768.79 provides the substantive law concerning offers and demands of judgments, while Florida Rule of Civil Procedure 1.442 provides for its procedural mechanism.
 
 Saenz v. Campos,
 
 967 So.2d 1114, 1116 (Fla. 4th DCA 2007). The statute applies to “any civil action for damages” and requires a court to compare the
 
 monetary
 
 amount offered (or demanded) against the
 
 monetary
 
 judgment ultimately obtained in order to determine whether a party has sufficiently “beaten” an offer (or demand) so as to be entitled to an award of attorney’s fees.
 

 
 *339
 
 Offer of judgment and demand for judgment—
 

 (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award. Where such costs and attorney’s fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiffs award. If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney’s fees incurred from the date of the filing of the demand. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.
 

 (2) The making of an offer of settlement which is not accepted does not preclude the making of a subsequent offer. An offer must:
 

 (a) Be in writing and state that it is being made pursuant to this section.
 

 (b) Name the party making it and the party to whom it is being made.
 

 (c) State with particularity the amount offered to settle a claim for punitive damages, if any.
 

 (d) State its total
 
 amount.
 

 The offer shall be construed as including all damages which may be awarded in a final judgment.
 

 [[Image here]]
 

 (6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
 

 (a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the
 
 amount
 
 of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney’s fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney’s fees against the award. When such costs and attorney’s fees total more than the
 
 amount
 
 of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.
 

 (b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the
 
 amount
 
 of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney’s fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.
 

 For purposes of the determination required by paragraph (a), the term “judgment obtained” means the
 
 amount
 
 of the net judgment entered, plus any postoffer collateral source
 
 *340
 
 payments received or due as of the date of the judgment, plus any postof-fer settlement amounts by which the verdict was reduced. For purposes of the determination required by paragraph (b), the term “judgment obtained” means the
 
 amount
 
 of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced.
 

 § 768.79, Fla. Stat. (2005) (emphasis added).
 

 The statute does not have a similar provision as to claims for non-monetary relief. Specifically, the statute does not have any provision that would authorize a court to compare an offer (or demand) regarding non-monetary relief against the judgment obtained for the purpose of determining entitlement to a fee award.
 

 Accordingly, while a party can serve an offer or demand for judgment directed to a claim for monetary damages, it cannot avail itself of the statute where a claim is seeking non-monetary relief only.
 
 Nat’l Indem. Co. of the South v. Consol. Ins. Servs.,
 
 778 So.2d 404 (Fla. 4th DCA 2001) (insurance broker’s declaratory judgment action was not a “civil action for damages” within the meaning of offer of judgment statute, so as to support award of attorney’s fees, where real issue in case was insurance coverage for underlying tort action and no money damages or payment of money was directly requested in suit).
 

 The issue in this case is whether a party can serve an offer of judgment directed to a claim for which both monetary and injunctive remedies are requested. We conclude that section 768.79 does not authorize a party to serve an offer of judgment in this situation.
 

 An award of attorney’s fees under section 768.79 is a sanction against the rejecting party for the refusal to accept what is presumed to be a reasonable offer.
 
 Sarkis v. Allstate Ins. Co.,
 
 863 So.2d 210, 222 (Fla.2003). Because the statute is penal in nature, it must be strictly construed in favor of the one against whom the penalty is imposed and is never to be extended by construction.
 
 Id.
 
 at 223. Strict construction of section 768.79 is also required because the statute is in derogation of the common law rule that each party is to pay its own attorney’s fees.
 
 Campbell v. Goldman,
 
 959 So.2d 223, 226 (Fla.2007).
 

 Section 768.79 makes no provision for a court to determine the value of any injunc-tive relief obtained in calculating the “judgment obtained.” The statute speaks only in terms of “amount.” While we recognize that, as in the instant case, an “amount” of zero can be used where no injunctive relief is obtained, that would appear to be the only scenario in which a court could compare the mathematical value of an offer against the judgment obtained when the offer addresses both monetary and injunctive claims. Furthermore, to accept defendants’ argument, would, as a practical matter, enable only a defendant to avail itself of the statute where a plaintiffs claim seeks both damages and injunc-tive relief. Under the defendants’ argument, a plaintiff could only make a demand for judgment if it dropped its injunctive relief request.
 

 Defendants contend that their offer of judgment complied with rule 1.442(c)(2), which requires an offer of judgment to “state with particularity any relevant conditions” and “state with particularity all nonmonetary terms of the proposal.” Based on their purported compliance with the rule, defendants submit it was permissible to offer a monetary amount and condition acceptance of the offer on a dismissal of any claims of injunctive relief. Defendants’ argument
 
 *341
 
 does find some support from
 
 State Farm Mut. Auto. Ins. Co. v. Nichols,
 
 932 So.2d 1067 (Fla.2006), where the supreme court determined that a general release qualified as one of the “relevant conditions” or “nonmonetary terms” of a settlement proposal which must be described with particularity under rule 1.442. The supreme court held the offering party could provide all of the proposed language of the release or a summary of the substance of the release as part of an offer of judgment, provided any reasonable ambiguity concerning the scope of the release was eliminated.
 
 Id.
 
 However,
 
 Nichols
 
 did not directly address the issue we confront today and the supreme court has consistently stated that the circumstances under which a party is entitled to attorney’s fees is substantive and thus governed by statute and that a rule can only control procedural matters.
 
 See Menendez v. Progressive Express Ins. Co., Inc.,
 
 35 So.3d 873, 878 (Fla.2010) (“[T]he statutory right to attorney’s fees is not a procedural right, but rather a substantive right.”);
 
 Sarkis,
 
 863 So.2d at 215 (“Attorney’s fees are authorized only by statute or contract. Because a supreme court rule is neither, it cannot authorize a fee.”);
 
 Timmons v. Combs,
 
 608 So.2d 1, 2-3 (Fla.1992) (“[I]t is clear that the circumstances under which a party is entitled to costs and attorney’s fees is substantive and that our rule can only control procedural matters.”) Accordingly, defendants’ purported compliance with rule 1.442 does not create a right to an attorney’s fees award; entitlement to fees only exists if section 768.79 applies.
 

 The only other Florida appellate court to directly address this issue reached a similar conclusion, albeit with a different analysis. In
 
 Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Property Owners Ass’n,
 
 22 So.3d 140 (Fla. 4th DCA 2009), the unsuccessful plaintiff filed a multi-count second amended complaint. Our sister court determined that the complaint contained two independent, significant claims “such that it could be characterized only as an action for
 
 both
 
 damages and nonmonetary, declaratory relief.” 22 So.3d at 143. As in the instant case, the defendant served an offer of judgment tendering a monetary amount to the plaintiff with a condition of acceptance being that the plaintiffs dismiss all of its pending claims. The court concluded that because section 768.79 only applied to “civil actions for damages,” it would not apply where an action sought both monetary and nonmon-etary relief:
 

 Similarly, strict construction of the statute and rule should not allow an application of a general offer of settlement, sought to be applied to claims seeking non-monetary relief as well as action for damages. In this case, each offer of settlement filed was general, such that it applied to all claims contained within the complaint which, of course, included both a claim for damages and non-economic claims. Strict construction of the statute leads to the conclusion that when an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, then the fact that it
 
 also
 
 seeks damages does not bring it within the offer of judgment statute.
 

 Palm Beach Polo Holdings,
 
 22 So.3d at 144.
 

 While we are not willing to opine that an offer (or demand) for judgment can never be utilized when a party has included separate claims for monetary and non-monetary relief in the same pleading and the offer (or demand) is directed only to the monetary claim, we do agree with the
 
 Palm Beach Polo Holdings
 
 decision to the extent that it holds that section 768.79 is inapplicable where a party’s general offer of settlement is directed to a claim in
 
 *342
 
 which both damages and non-monetary relief is sought.
 

 AFFIRMED.
 

 LAWSON and TORPY, JJ., concur.
 

 [1]
 

 . Section 320.695 Injunction. — In addition to the remedies provided in this chapter, and notwithstanding the existence of any adequate remedy at law, the department, or any motor vehicle dealer in the name of the department and state and for the use and benefit of the motor vehicle dealer, is authorized to make application to any circuit court of the state for the grant, upon a hearing and for cause shown, of a temporary or permanent injunction, or both, restraining any person from acting as a licensee under the terms of ss. 320.60-320.70 without being properly licensed hereunder, or from violating or continuing to violate any of the provisions of ss. 320.60-320.70, or from failing or refusing to comply with the requirements of this law or any rule or regulation adopted hereunder. Such injunction shall be issued without bond. A single act in violation of the provisions of
 
 *338
 
 ss. 320.60-320.70 shall be sufficient to authorize the issuance of an injunction. However, this statutory remedy shall not be applicable to any motor vehicle dealer after final determination by the department under s. 320.641(3).
 

 [2]
 

 . Section 320.697 Civil damages. — Any person who has suffered pecuniary loss or who has been otherwise adversely affected because of a violation by a licensee of ss. 320.60-320.70, notwithstanding the existence of any other remedies under ss. 320.60-320.70, has a cause of action against the licensee for damages and may recover damages therefor in any court of competent jurisdiction in an amount equal to 3 times the pecuniary loss, together with costs and a reasonable attorney’s fee to be assessed by the court. Upon a prima facie showing by the person bringing the action that such a violation by the licensee has occurred, the burden of proof shall then be upon the licensee to prove that such violation or unfair practice did not occur.
 

 [3]
 

 . None of the offers of judgment stated whether the defendants’ respective claims for attorneys’ fees could be pursued against the plaintiff, should the plaintiff accept the offer. Based on our determination that the offer of judgment statute was not applicable in this case, we need not address plaintiff's argument that the defendants’ failure to address this issue in their offers rendered the offers vague and ambiguous and, thereby, unenforceable.