DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRENDA CORNELIUS,**
Appellant,

v.

**ARNETTA HAYWOOD,** personally and as Personal Representative of the
Estate of **THOMAS J. KEMP,** and **ALTAVIA EVANS,**
Appellees.

No. 4D2024-2185

[October 15, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 502022CA003768XXXX.

Robert J. Hauser of Sniffen & Spellman P.A., West Palm Beach, and David M. Garten of Law Office of David M. Garten, West Palm Beach, for appellant.

Daniel T. Galo of Law Offices of Larry E. Bray, P.A., Boynton Beach, for appellee Arnetta Haywood.

LEVINE, J.

Brenda Cornelius appeals an order denying her motion for attorney's fees against Arnetta Haywood pursuant to section 768.79, the offer of judgment statute. The trial court held that Cornelius's offer of judgment was unenforceable because the action involved both a claim for monetary damages and a claim for equitable relief. Cornelius argues that the trial court erred by finding that her offer of judgment was unenforceable because her offer of judgment was directed solely at Haywood's monetary counterclaim. We agree with the trial court, and, as such, we affirm.

Cornelius filed a complaint against Haywood, individually and as personal representative of the Estate of Thomas J. Kemp, the decedent, for defamation and negligent reporting. Cornelius was a friend of the decedent, and Haywood was the decedent's daughter. Cornelius alleged that the decedent had transferred a majority of his assets to her voluntarily during his lifetime, and, following his death, Haywood allegedly falsely and

maliciously reported Cornelius to the police for exploitation of an elderly person or disabled adult.

Haywood and the decedent's granddaughter, Altavia Evans, brought a counterclaim against Cornelius. The counterclaim contained two counts: (1) an equitable claim for undue influence seeking to set aside purported transfers made to Cornelius by the decedent during his lifetime as well as to set aside a will made by the decedent, and (2) a claim for monetary damages for tortious interference with an expected inheritance.

During the pendency of the case, Cornelius made an offer of judgment to Haywood and Evans to settle their counterclaim. The offer stated:

> Counter-Defendant, BRENDA CORNELIUS, and through her undersigned counsel, makes this Offer of Judgment pursuant to §768.79, F.S. and Fla.R.Civ.P. 1.442, to Counter-Plaintiffs, ARNETTA HAYWOOD and ALTAVIA LASHA EVANS. [Cornelius] will pay [Haywood], One Thousand Dollars ($1,000.00) in full settlement of her lawsuit for Tortious Interference with Expected Inheritance. This Offer of Judgment resolves all damages that would otherwise be awarded in a final judgment in the action for Tortious Interference with Expected Inheritance in favor of [Haywood], including all compensatory damages, special damages, punitive damages, attorney's fees, prejudgment interest and taxable costs. In addition, [Cornelius] will pay [Evans], One Thousand Dollars ($1,000.00) in full settlement of her lawsuit for Tortious Interference with Expected Inheritance. This Offer of Judgment resolves all damages that would otherwise be awarded in a final judgment in the action for Tortious Interference with Expected Inheritance in favor of [Evans], including all compensatory damages, special damages, punitive damages, attorney's fees, prejudgment interest and taxable costs.

The offer of judgment was not accepted.

The case proceeded to a jury trial. The jury found that Cornelius did not prove her claims of defamation and negligent reporting of a crime against Haywood. On the counterclaim, the jury found that Cornelius did not unduly influence the decedent. As to Haywood, the jury found that Cornelius did not tortiously interfere with Haywood's expected inheritance. The jury, however, found that Cornelius tortiously interfered with Evans's expected inheritance, and that the damages incurred by Evans totaled

$125,000. Final judgment was entered in favor of Evans for $125,000. Both Cornelius and Haywood took nothing from the action.[1]

Cornelius moved for attorney's fees and costs against Haywood pursuant to section 768.79(1), Florida Statutes (2024), and her offer of judgment. Cornelius argued that she was entitled to recover her attorney's fees and costs incurred in defending the counterclaim because the jury did not find that she was liable to Haywood on her counterclaim for tortious interference with the expected inheritance.

The trial court denied Cornelius's motion for fees and costs, stating that "[t]he issue before this Court is whether §768.79, F.S. applies to actions involving damages and equitable claims when an offer or demand for judgment is directed only to the damages claim and where there is no general offer of judgment that seeks release of all claims." The trial court concluded that section 768.79 does not apply to actions involving both damages and equitable claims, even if the offer of judgment is directed only to the damages claim. Thus, the trial court found that Cornelius's proposal for settlement was not enforceable and denied Cornelius's motion for fees and costs. This appeal follows.

Cornelius requests on appeal that this court hold that section 768.79 applies to cases where claims for both equitable relief and damages are sought, when the proposal for settlement is directed only at the damages claim. Haywood responds that Cornelius's offer of judgment is unenforceable under section 768.79 because the statute applies only to "civil action[s] for damages."

"We have de novo review of orders concerning section 768.79 and Florida Rule of Civil Procedure 1.442." *Lyons v. Chamoun*, 96 So. 3d 456, 457 (Fla. 4th DCA 2012). Matters of statutory construction are also reviewed de novo. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 372 (Fla. 2013).

To decide whether Cornelius is entitled to an award of attorney's fees in this case, this court must interpret section 768.79. "In interpreting a statute, we start with the statute's plain language." *Lafrance v. Emile*, 401 So. 3d 379, 380 (Fla. 4th DCA 2025). Florida courts "apply the supremacy-of-the-text principle," which "recogniz[es] that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Coates v. R.J. Reynolds Tobacco Co.*, 365 So. 3d 353, 354 (Fla. 2023). "[C]anons of statutory interpretation can aid the

---

[1] The underlying jury verdict is not part of this appeal.

interpretive process from beginning to end." *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (holding that "[i]t would be a mistake to think that our law of statutory interpretation requires interpreters to make a threshold determination of whether a term has a 'plain' or 'clear' meaning in isolation, without considering the statutory context and without the aid of whatever canons might shed light on the interpretive issues in dispute").

Section 768.79(1), Florida Statutes (2024), reads:

> *In any civil action for damages* filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

(emphasis added).

Cornelius invites this court to allow an offer of judgment even where there are pending claims for both equitable and monetary damages. Cornelius argues that, since the offer of judgment she served was limited to monetary damages, the offer of judgment should still be enforceable under section 768.79. We decline this invitation and find that, according to its plain language, section 768.79 applies only to "civil action[s] for damages." *Id.*

The statute clearly states, "[i]n any civil action for damages," without any mention of "equitable relief." The statute does not say "in part" of a civil action for damages, nor does it say, when "in part" requesting monetary damages. We find that since the instant case was not wholly a "civil action for damages," Cornelius could not avail herself of section 768.79. That is because Haywood's counterclaim asserting both an equitable and monetary claim is not encompassed within the plain language of section 768.79.

Florida courts have consistently interpreted the phrase "[i]n any civil action for damages" with being inapplicable to equitable actions. *Diamond Aircraft Indus.*, 107 So. 3d at 375 ("[S]ection 768.79 does not apply to nonmonetary claims."). Section 768.79 applies only to claims seeking monetary damages. *Id.* at 373 ("[T]he phrase in section 768.79(1) which

4

states 'in any civil action for damages' is applicable to a claim in a civil action in which a party seeks only damages, i.e., monetary relief."). Thus, "when an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, *then the fact that it also seeks damages does not bring it within the offer of judgment statute.*" *Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Prop. Owners Ass'n*, 22 So. 3d 140, 144 (Fla. 4th DCA 2009) (emphasis added).[2]

In *Palm Beach Polo*, the appellant brought three counts against the association, two seeking declaratory judgment and one seeking monetary damages. *Id.* at 143. Following judgment in its favor, the association moved for attorney's fees under section 768.79 pursuant to an offer of judgment served by the association, offering payment "as a complete and final resolution and settlement of all claims asserted by [the appellant] against [the association] in this action." *Id.* at 142. This court concluded that a proposal for settlement including a general release addressing a complaint which included a non-damages claim did not comply with section 768.79. *Id.* at 145.

The Florida Supreme Court subsequently decided *Diamond Aircraft*, 107 So. 3d at 365, where one of the questions presented was:

> Does Fla. Stat. § 768.79 apply to cases that seek equitable relief in the alternative to money damages; and, even if it does not generally apply to such cases, is there any exception for circumstances in which the claim for equitable relief is seriously lacking in merit?

The appellee filed a complaint against Diamond Aircraft for both equitable and monetary relief. *Id.* Diamond Aircraft's proposal for settlement sought to "resolve all claims that were or could have been asserted by [appellee] against Diamond Aircraft" in its complaint. *Id.* (emphasis omitted). Following judgment in Diamond Aircraft's favor on all claims, Diamond

---

[2] Case law has carved out a small exception to the general rule that section 768.79 fees cannot be awarded when the party makes any equitable claim: "[S]ection 768.79 may be utilized in a suit seeking monetary and nonmonetary relief if the 'true relief' sought is monetary." *MYD Marine Distrib., Inc. v. Int'l Paint Ltd.*, 187 So. 3d 1285, 1287 (Fla. 4th DCA 2016) (finding that even though MYD had asked for injunctive relief in its complaint, MYD "did not actually pursue any nonmonetary relief during the course of the litigation and instead only sought money damages"; thus, the "true relief" requested was monetary, and the litigants could avail themselves of fees pursuant to section 768.79). This narrow exception does not apply in the instant case.

Aircraft moved for attorney's fees pursuant to section 768.79. *Id.* at 366. The trial court denied Diamond Aircraft's motion for fees, holding that section 768.79 was inapplicable because the appellee had asserted both a claim for damages and an equitable claim. *Id.* The Florida Supreme Court agreed, holding that "section 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and in which the defendant has served a general offer of judgment that seeks release of all claims." *Id.* at 374. The Court relied on the plain language in section 768.79, which states it is applicable to "*any civil action for damages.*" *Id.* at 372.

We conclude that, even though the proposal in the present case did not attempt to settle the equitable claim, the reach of section 768.79 does not extend to a pending case where the parties seek both monetary and equitable damages. Our conclusion is also reinforced by the omitted-case and whole-text canons of statutory interpretation.

"The omitted-case canon stands for 'the principle that what a text does not provide is unprovided.' This canon is another way of stating the longstanding principle that courts are not at liberty to add words to a statute that the legislature has not expressly provided." *State v. Demons*, 351 So. 3d 10, 15 (Fla. 4th DCA 2022) (citation omitted). In the instant case, the legislature made no provision for equitable relief in section 768.79. Nothing in the statute allows for a proposal for settlement in an action that is not exclusively a civil action for damages. "[W]hen a law expressly describes a situation where something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded." *Coral Cadillac, Inc. v. Stephens*, 867 So. 2d 556, 558-59 (Fla. 4th DCA 2004). Because civil actions for damages are expressly included in section 768.79, we therefore infer that equitable actions were intentionally omitted. Construing section 768.79 to include litigation that encompassed equitable action would require us to add language to the statute. This we cannot do. *See Coates*, 365 So. 3d at 354 (holding that, consistent with the supremacy-of-the-text principle, "we do not add words to a statute in the guise of interpreting it").

Since Florida courts have consistently decided that equitable claims do not fall within the purview of section 768.79, *see, e.g.*, *Diamond Aircraft*, 107 So. 3d at 362, the legislature could have acted. Had the legislature intended for cases involving equitable claims to utilize section 768.79, the legislature would have included provisions relating to equitable claims. Section 768.79 has been amended recently, but none of those amendments have included equitable claims within the purview of section 768.79. *See Nunes v. Herschman*, 310 So. 3d 79, 83-84 (Fla. 4th DCA

2021) (holding that depositions were not "judicial proceedings" for the purposes of section 92.57 where the statute did not expressly state that it applied to depositions, reasoning that "if the legislature wanted to add depositions to the text of the statute, it would have").

Further, "[u]nder the whole-text canon, proper interpretation requires consideration of 'the entire text, in view of its structure and of the physical and logical relation of its many parts.'" *Allstate Ins. Co. v. Revival Chiropractic, LLC*, 385 So. 3d 107, 113 (Fla. 2024) (citation omitted). While subsection (1) of section 768.79 determines entitlement to fees under the offer of judgment statute, subsection (7) instructs courts in calculating the threshold amount of the "judgment obtained." In order to be awarded fees under section 768.79, the "judgment obtained" by the offeree must be "at least 25 percent less than the amount of the offer":

> (7) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
>
> (a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.
>
> . . . .
>
> For purposes of the determination required by paragraph (a), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced.

Cornelius's interpretation could conceivably put courts in the difficult, if not impossible, situation of placing a value on equitable relief. Section 768.79 "requires a court to compare the *monetary* amount offered (or

demanded) against the *monetary* judgment ultimately obtained in order to determine whether a party has sufficiently 'beaten' an offer (or demand) so as to be entitled to an award of attorney's fees." *Winter Park Imports, Inc. etc. v. JM Family Enters.*, 66 So. 3d 336, 338 (Fla. 5th DCA 2011).

As explained in *Diamond Aircraft*, 107 So. 3d at 375:

> [T]he only method of calculation that the Legislature provided in the statute pertained to the "*amount* of the offer" as compared to the "judgment obtained." § 768.79(6)(a) (emphasis added). To calculate the *amount* of the judgment obtained in comparison to an offer, logic dictates the use of a monetary number that a court could use in calculating a mathematical formula which exists in a cause of action for damages. *See id.* § 768.79(6) ("For purposes of the determination required by paragraph (a), the term 'judgment obtained' means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced."). Comparatively, section 768.79 does not provide a method by which this or any other court is to evaluate the amount of a nonmonetary judgment obtained against the amount provided in an offer of judgment. This further reflects a legislative intent that section 768.79 does not apply to nonmonetary claims.

There is no way in section 768.79 to determine the value of equitable relief obtained: "Section 768.79 makes no provision for a court to determine the value of any injunctive relief obtained in calculating the 'judgment obtained.' The statute speaks only in terms of 'amount.'" *Winter Park Imports*, 66 So. 3d at 340. To determine whether the threshold amounts of recovery for section 768.79 are met, equitable relief would have to be assigned a "value," regardless of whether the proposal for settlement addressed only the monetary claims. Thus, the concern articulated in *Diamond Aircraft* would still be present in the instant case, and merely removing the equitable claim from the offer of judgment would not potentially obviate the need to assign a value to equitable recovery.[3]

---

[3] Cornelius argues that this consideration of utilizing section 768.79 is not implicated in this case, where the proposal offered a fixed amount to settle a distinct claim for money damages; thus, according to Cornelius, it is not necessary for the court "to place some nebulous 'value' on equitable relief." However, Cornelius ignores the hypothetical possibility that, if Haywood prevailed on a claim for equitable relief, the court still would have had to place some value

By utilizing the whole-text canon, we are able to effectuate the statutory purpose of the offer of judgment statute. *See Raymond James Fin. Servs., Inc. v. Phillips*, 126 So. 3d 186, 192 (Fla. 2013) ("[W]e recognize that statutory construction envisions that courts will also review the purpose behind the enactment."). To accept Cornelius's assertion would undermine the stated purpose of section 768.79. The clear purpose in enacting section 768.79 was "to reduce litigation costs and conserve judicial resources by encouraging the settlement of legal actions." *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So. 3d 646, 650 (Fla. 2010). Under Cornelius's interpretation of section 768.79, Haywood's equitable claims would have remained pending even if she accepted the proposal. Thus, Cornelius's interpretation would not further the clear purpose of the statute, as it would not have resulted in early resolution of the case. *See MDS (Canada) Inc. v. Rad Source Techs., Inc.*, No. 09-CV-61652, 2016 WL 8738281, at *6 (S.D. Fla. Jan. 8, 2016) ("[A]pplying § 768.79 to the facts of this case undermines the purpose of the statute, which is to encourage early resolution of cases. For example, if § 768.79 were to apply, Plaintiffs would face the choice of either accepting the offer on damages and continue to litigate the claims for injunctive relief or give up their non-monetary claims.") (citation omitted).

Thus, under the whole-text canon of interpretation, we must consider section 768.79 as a whole in order to give its undivided parts the proper meaning. Section 768.79(7), and its formula for determining reasonable costs, are not compatible with cases that invoke, in part, equitable claims.

In sum, we hold that the trial court did not err by denying Cornelius's motion for fees. By its plain language, section 768.79 does not authorize fees for claims where equitable relief is also sought. As such, we affirm.

*Affirmed.*

CIKLIN, J., and HARPER, BRADLEY G., Associate Judge, concur.

*   *   *

***Not final until disposition of timely-filed motion for rehearing.***

---

on the equitable relief granted to measure Haywood's recovery in order to determine if the threshold amount of judgment was met pursuant to section 768.79(7).