[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 09-15902 & 10-12263
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-20494-KMM

HON REALTY CORP.,
a Florida Corporation,

                                        Plaintiff-Appellee,

versus

FIRST AMERICAN TITLE INSURANCE CO.,
a California Corporation,

                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(November 18, 2010)

Before EDMONDSON, MARTIN, and COX, Circuit Judges.

PER CURIAM:

    This is a consolidated appeal arising out of the district court's denial of a

request for an award of attorneys' fees (R.2-75) and appellate attorneys' fees (R.2-

86). Appellant First American Title Insurance Company ("First American") argues that the district court erred in denying requests for the award of attorneys' fees pursuant to section 768.79, Florida Statutes. We disagree.

Plaintiff Hon Realty Corp. commenced this action by filing a Petition for Declaratory Judgment in federal court. (R.1-1.) The parties' basic dispute was whether the title insurance that Hon Realty purchased from First American in 2005 covered the encumbrances or liens that were the subject of an Enforcement Order the City of Miami issued in July 2005, but not recorded until fourteen days after Hon Realty purchased the subject property in October 2005. Based on the language of an explicit exclusion from coverage in the policy, the district court concluded that coverage did not exist for any defect that was not recorded in the public records on the effective date of the policy and, consequently, that First American afforded no coverage for the Hon Realty's claim. (R.2-52 at 4-7.)

Upon entry of judgment in its favor, First American moved for an award of attorneys' fees based on a $500 Offer of Judgment made to Hon Realty in July 2007, that Hon Realty did not accept. (R.2-53.) While the district court was deciding the issue of attorneys' fees, Hon Realty had appealed the entry of summary judgment to this court. We affirmed, and remanded to the district court First American's application for appellate attorneys' fees "for a determination of entitlement and the

2

reasonable amount of appellate attorney's fees, if any, to be awarded." (R.2-71 at 1.) For the same reasons stated in its order denying attorneys' fees for work in the district court, the district court denied First American's motion for appellate attorneys' fees.

Upon careful consideration of the record and the parties' briefs, we agree with the district court's well-reasoned analysis, concluding that First American was not entitled to recover attorneys' fees or appellate attorneys' fees from Hon Realty because this case "is the type of declaratory judgment action to which Florida's fee-shifting statute . . . do[es] *not* apply . . . ." (R.2-63 at 12.) Under Florida law, an offer of judgment is unenforceable for taxing attorneys' fees and costs if the case is not a civil action for damages. Fla. Stat. § 768.79 ("In any civil action for damages . . . if a defendant files an offer of judgment which is not accepted by the plaintiff . . . the defendant shall be entitled to recover reasonable costs and attorney's fees . . ."); *Nat'l Indem. Co. of the S. v. Consol. Ins. Svcs.*, 778 So. 2d 404, 408 (Fla. 4th DCA 2001) (holding that a declaratory judgment is not a civil action for damages). Because this case is, at its heart, a declaratory action and not a civil action for damages as First American argues, we affirm.

AFFIRMED.