NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

POLK COUNTY,                                )
                                           )
        Appellant,                         )
                                           )
v.                                         )    Case No.  2D15-5642
                                           )
HIGHLANDS-IN-THE-WOODS, L.L.C.,            )
                                           )
        Appellee.                          )
                                           )
_____   )

Opinion filed May 19, 2017.

Appeal from the Circuit Court of Polk
County; John M. Radabaugh, Judge.

Hank B. Campbell of Valenti Campbell
Trohn Tamayo & Aranda, P.A., Lakeland,
for Appellant.

Eric S. Adams and Lauren A. Taylor of
Shutts & Bowen LLP, Tampa, for Appellee.


SLEET, Judge.

Polk County appeals the order denying its motion for attorney fees

pursuant to section 768.79, Florida Statutes (2015), following the entry of summary

judgment in its favor against Highlands-in-the-Woods, LLC (Highlands).  Because Polk

County's proposal for settlement satisfied the requirements of Florida Rule of Civil

Procedure 1.442 and Highlands' complaint did not allege any claim seeking equitable

relief, we reverse and remand for the trial court to grant Polk County's fee motion and determine the amount of reasonable attorney fees.

Highlands sued Polk County alleging federal and state takings and inverse condemnation claims arising from the installation of a reclaimed water system on a development owned by Highlands. Section 702.G of the Polk County Land Development Code required Highlands to install a reclaimed water system in order to obtain its development permit from Polk County. Highlands alleged that although it installed the system in 2006, Polk County was unable to supply reclaimed water until 2008. In its complaint Highlands sought damages for the alleged taking and the expenses it incurred as a result of its lack of access to the promised reclaimed water.

On December 2, 2011, Polk County served a proposal of settlement for $5000 on Highlands. On July 14, 2015, the trial court granted summary judgment in Polk County's favor. That order was recently affirmed by this court on appeal. Highlands-in-the-Woods, LLC v. Polk County, No. 2D15-2801 (Fla. 2d DCA April 28, 2017). The trial court awarded Polk County costs under section 57.041, Florida Statutes (2015), but denied its motion seeking attorney fees under section 768.79. On appeal, Polk County argues that the denial of attorney fees was error because its proposal for settlement complied with rule 1.442 and Highlands did not raise any equitable claims of relief in its complaint. See Diamond Aircraft Indus., Inc. v. Horowitch, 107 So. 3d 362, 374 (Fla. 2013) ("[S]ection 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief[] and in which the defendant has served a general offer of judgment that seeks release of all claims."). We agree.

Highlands contends that Polk County's offer of settlement was invalid because it failed to state the nonmonetary conditions of settlement, the amount proposed to settle a claim of punitive damages, and that it would resolve all damages that would otherwise be awarded in a final judgment. See Fla. R. Civ. P. 1.442(c). "Entitlement to attorney's fees and costs under an offer of judgment is reviewed de novo." Wolfe v. Culpepper Constructors, Inc., 104 So. 3d 1132, 1134 (Fla. 2d DCA 2012).

Polk County's proposal for settlement offered $5000 "in exchange for a dismissal with prejudice of all claims against . . . POLK COUNTY" and stated that it was "intended as a full settlement of all claims asserted by [Highlands] in this lawsuit." The nonmonetary relief sought by Polk County was the dismissal with prejudice of all of Highlands' claims. The proposal was sufficiently particular to put Highlands on notice that Polk County was seeking the dismissal with prejudice of all of its claims asserted in this lawsuit. Had Highlands accepted the proposal, there would have been no need for judicial interpretation of its terms. See State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1079 (Fla. 2006) (explaining that "the proposal should be capable of execution without the need for judicial interpretation" (quoting Lucas v. Calhoun, 813 So. 2d 971, 973 (Fla. 2d DCA 2002))). This general statement of the claims to be resolved was sufficient to include all damages that would otherwise be awarded in a final judgment. See Miley v. Nash, 171 So. 3d 145, 148 (Fla. 2d DCA) ("[W]hen the proposal indicates that it seeks to resolve all claims identified in the complaint, or in a specific count, it is unnecessary to identify the various elements of damages in the settlement proposal." (quoting Lucas, 813 So. 2d at 972 n.1)), review denied, 192 So. 3d 40 (Fla. 2015). Furthermore, because Highlands was not seeking punitive damages,

Polk County was not required to include those amounts in its proposal for settlement. See Lucas, 813 So. 2d at 973 ("We conclude that the 'if any' language of [rule 1.442(c)(2)(E)] requires a proposal for settlement to include terms for settlement of a punitive damage claim only when the pleadings contain a pending claim for punitive damages."). Accordingly, Polk County's proposal for settlement fulfilled the requirements of rule 1.442.

Highlands also argues that because it included a count for declaratory relief, section 768.79 does not apply. See Diamond Aircraft, 107 So. 3d at 374. When determining whether a complaint alleges an action for damages or one for equitable relief, Florida courts "look[] to whether the 'real issue' is one for damages" or equitable relief. Nat'l Indem. Co. of the S. v. Consol. Ins. Servs., 778 So. 2d 404, 408 (Fla. 4th DCA 2001); see also DiPompeo Constr. Corp. v. Kimmel & Assocs., 916 So. 2d 17 (Fla. 4th DCA 2005). In this case, Highlands' complaint included three counts for relief: (1) declaratory relief, (2) inverse condemnation under the Florida Constitution, and (3) inverse condemnation under the U.S. Constitution. In each count Highlands sought recovery of the additional development expenses it incurred as a result of the county's requirement that it install a reclaimed water system and the county's failure to supply it with reclaimed water for irrigation of the development. Although Highlands styled count one as seeking declaratory relief, it requested that the trial court "enter a declaratory judgment finding that . . . [Highlands] is permitted to obtain compensation, including attorneys' fees, for the costs associated with and impacts from the actions of POLK COUNTY." Highlands did not seek the return of the property dedicated to the county for the reclaimed system or any other equitable remedy; instead, it sought compensation for the losses it incurred related to the water reclamation system. Therefore, the "real

- 4 -

issue" in this case was entitlement to damages, not a declaratory judgment. See DiPompeo, 916 So. 2d at 18 (holding that section 768.79 applied to a declaratory judgment action when "the central issue . . . was the entitlement to money damages"); Nelson v. Marine Grp. of Palm Beach, Inc., 677 So. 2d 998, 999 (Fla. 4th DCA 1996) (rejecting the argument that section 768.79 did not apply to an action seeking a declaratory judgment when "the only matter at issue was money").

Because Polk County's proposal for settlement satisfied the requirements of rule 1.442 and Highlands' complaint alleged an action for damages, not equitable relief, we reverse and remand for the trial court to grant Polk County's attorney fee motion and to determine the amount of reasonable attorney fees.

Reversed and remanded with instructions.

NORTHCUTT and LUCAS, JJ., Concur.