# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-2526 & 3D16-2492
Lower Tribunal No. 14-31467
_____

**Tower Hill Signature Insurance Company,**
Appellant/Cross-Appellee,

vs.

**Cesar Javellana and Sandra Javellana,**
Appellees/Cross-Appellants.


Appeals from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Traub Lieberman Straus and Shrewsberry and Ashley R. Kellgren and Scot E. Samis (St. Petersburg), for appellant/cross-appellee.

Barnard Law Offices and Maxwell S. Barnard and Andrew C. Barnard, for appellees/cross-appellants.


Before SALTER, EMAS and LOGUE, JJ.

EMAS, J.

In these consolidated appeals, each party seeks review of an order denying their respective motions for attorney's fees. Cesar and Sandra Javellana ("the Javellanas"), plaintiffs below, appeal the denial of their motion for attorney's fees and costs pursuant to section 627.428, Florida Statutes (2016). Tower Hill Signature Insurance Company ("Tower Hill"), defendant below, appeals the denial of its motion for attorney's fees under the offer of judgment statute, section 768.79, Florida Statutes (2016).[1]

We affirm the trial court's denial of the Javellanas' motion for attorney's fees and costs because there was no "rendition of a judgment" in favor of the Javellanas on their claims. However, we reverse the trial court's denial of Tower Hill's motion for attorney's fees, because this was a "civil action for damages" under section 768.79, and the "true relief" sought by the Javellanas was an award of monetary damages.

**PROCEDURAL HISTORY**

The Javellanas sustained damage to their home from water intrusion, and initiated a claim with their homeowner's insurer, Tower Hill. Tower Hill investigated the claim, which included an inspection by its independent claims adjuster, and determined the claim was covered under the policy. Based on the adjuster's evaluation and estimate, Tower Hill made an initial payment to the

---

[1] Tower Hill was awarded its costs by the court as the prevailing party. There is no issue raised about the cost award in this appeal.

2

Javellanas in an amount that Tower Hill characterized as the "actual cash value" of the loss,[2] and invited the Javellanas to submit supplemental claims should they discover additional damage. Although Tower Hill later made some additional payments, which the Javellanas accepted, they nevertheless contended that Tower Hill grossly underpaid the claim,[3] and therefore, breached the terms of the insurance policy.

The Javellanas sued Tower Hill, and the operative complaint contained three counts: breach of contract (Count I); declaratory judgment related to the wear and tear/marring exclusion in the policy (Count II); and declaratory judgment, seeking to have the court declare that Tower Hill may not unilaterally determine actual cash value but that actual cash value must be determined either as an issue of fact or by agreement of the insured and insurer (Count III).

While the litigation was pending, Tower Hill served an offer of judgment on each of the plaintiffs, pursuant to section 768.79, Florida Statutes (2016). These offers of judgment were not accepted by the Javellanas, and the case proceeded to a jury trial.[4]

---

[2] The policy provided in pertinent part: "We [Tower Hill] will initially pay at least the actual cash value of the insured loss, less any applicable deductible. We shall pay any remaining amounts necessary to perform such repairs as work is performed and expenses are incurred."

[3] The record establishes that additional sums were paid, following the initial payment, for water and mold remediation. The total paid by Tower Hill to the Javellanas was $45,149, including the deductible, and the Javellanas allege an additional $66,800 is needed to repair the damage.

After the Javellanas rested their case, Tower Hill moved for directed verdict. Tower Hill argued that the Javellanas failed, as a matter of law, to prove a breach by Tower Hill, because the evidence showed that Tower Hill performed its duties under the policy by paying the amount of the independent adjuster's repair estimate at actual cash value and advising the Javellanas to submit supplemental claims for any additional damage. The court denied the motion, concluding that it was for the jury to determine, as an issue of fact related to the breach of contract, whether or not Tower Hill failed to pay the actual cash value of the loss.

At the conclusion of the trial, the jury received the verdict form which asked the following two questions:

> 1. Did Plaintiffs prove by the greater weight of the evidence that Tower Hill Signature Insurance Company failed to initially pay at least the actual cash value, less any applicable deductible, to Cesar & Sandra Javellana for damage(s) caused by a drain line failure pursuant to the terms of the policy?
>
> *If your answer to Question 1 is "Yes", please proceed with answering question 2. If on the other hand, your answer to Question 1 is "No", your verdict is for the Defendant and you should sign and date the verdict form.*
>
> 2. What is the total additional amount owed to Cesar & Sandra Javellana for damage caused by Tower Hill Signature Insurance Company's failure to pay ACV?

---

[4] On the first day of trial, the trial court determined that, as to Count II (seeking declaratory relief related to the wear and tear/marring exclusion), there was no case or controversy, and thus ruled in favor of Tower Hill.

The jury answered "No" to Question 1, finding that the Javellanas did not prove that Tower Hill failed to initially pay the Javellanas at least the actual cash value for damage caused by the drain line failure. The trial court thereafter entered final judgment in favor of Tower Hill.

Tower Hill later moved for attorney's fees, pursuant to section 768.79 and its unaccepted offers of judgment.

The Javellanas also moved for fees and costs, asserting, *inter alia*, that because the trial court "effectively" ruled in their favor in denying Tower Hill's directed verdict motion on the declaratory judgment count, they were entitled to recover fees and costs under section 627.428(1).

The court held a hearing on both motions. As to Tower Hill's motion, the court determined that Tower Hill was not entitled to attorney's fees under section 768.79, pursuant to Diamond Aircraft Industries, Inc. v. Horowitch, 107 So. 3d 362 (Fla. 2013), because the Javellanas' complaint sought both equitable relief and money damages. The court also denied the Javellanas' motion for attorney's fees and costs, finding there was no judgment in their favor, and therefore, no entitlement to fees and costs under section 627.428(1). Both parties appealed the court's orders.

## ANALYSIS

### 1. Javellanas' Motion for Attorney's Fees and Costs

As for the Javellanas' appeal of the order denying their motion for fees pursuant to section 627.428(1), upon our de novo review, Do v. Geico General Insurance Co., 137 So. 3d 1039, 1042 (Fla. 3d DCA 2014), we affirm the court's order without further discussion, because the Javellanas did not obtain a judgment in their favor. See § 627.428(1), Fla. Stat. (2016) (providing for award of attorney's fees "[u]pon the rendition of a judgment or decree" against an insurer and in favor of the insured); Magdalena v. Toyota Motor Corp., 3D16-2322 (Fla. 3d DCA November 29, 2017); Do, 137 So. 2d at 1044-45.

**2. Tower Hill's Motion for Attorney's Fees**

We likewise review de novo the trial court's order denying Tower Hill's motion for attorney's fees, which determined that the offers of judgment were not valid. Campbell v. Goldman, 959 So. 2d 223 (Fla. 2007). We hold that this case was a civil action for damages, and therefore, Tower Hill's offers of judgment were valid under section 768.79(1), the offer of judgment statute, which provides:

> In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.

(Emphasis added.)

We begin with the well-settled proposition that a party is not entitled to fees under section 768.79 where the plaintiff seeks only nonmonetary relief. MYD Marine Distrib., Inc. v. Int'l Paint Ltd., 187 So. 3d 1285 (Fla. 4th DCA 2016); National Indem. Co. v. Consol. Ins. Servs., 778 So. 2d 404 (Fla. 4th DCA 2001). Further, the Florida Supreme Court has made it clear that "section 768.79 does not apply to cases that seek both equitable relief and damages." Diamond Aircraft, 107 So. 3d at 372.

The Javellanas argued below, and the trial court agreed, that, pursuant to Diamond Aircraft, because their complaint sought both equitable relief and money damages, Tower Hill's offers of judgment were not valid, and therefore, Tower Hill was not entitled to an award of attorney's fees under section 768.79.

Tower Hill contends that there is an exception to Diamond Aircraft's general holding in cases where, as here, the "true relief" sought is monetary damages. The trial court rejected this argument, noting Diamond Aircraft's pronouncement that "there is no basis to establish an exception for instances in which the equitable claim lacks serious merit." Id. at 374. We agree with the trial court that Diamond Aircraft so held, but what Diamond Aircraft did not hold is that a plaintiff can avoid an otherwise valid offer of judgment by merely adding a declaratory judgment count to a cause of action in which the true relief sought is money

7

damages. Indeed, the Court in <u>Diamond Aircraft</u> focused its discussion and analysis on the opening phrase of the offer of judgment statute, which provides that "**[i]n any action for damages** . . . if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . ." (Emphasis added). In construing the nature and scope of this language, the court discussed and cited approvingly to two decisions from the Fourth District Court of Appeal, both of which are relevant to the instant case: <u>DiPompeo Construction Corp. v. Kimmel & Associates, Inc.</u>, 916 So. 2d 17 (Fla. 4th DCA 2005) and <u>Nelson v. Marine Group of Palm Beach, Inc.</u>, 677 So. 2d 998 (Fla. 4th DCA 1996).

In <u>DiPompeo</u>, Kimmel, a professional recruiting firm, invoiced DiPompeo $20,000 for commission earned in providing executive search services to DiPompeo, following DiPompeo's hiring of an employee. DiPompeo, disputing that it owed Kimmel a commission, filed a complaint seeking a declaratory judgment that, because it had no contract with Kimmel, DiPompeo did not owe Kimmel any money. Kimmel then filed a counterclaim, seeking to recover its commission on theories of breach of contract and unjust enrichment.

The trial court determined that a contract did exist between DiPompeo and Kimmel, but that DiPompeo's hiring of the employee was independent of the contract, since it was not a result of Kimmel's efforts. Thus, DiPompeo lost on its

8

declaratory judgment claim, and Kimmel lost on its counterclaim for breach of contract and quantum meruit.

DiPompeo filed a motion for attorney's fees based upon an offer of judgment served upon, and not accepted by, Kimmel. The trial court denied the motion, ruling that DiPompeo's declaratory judgment action was not a "civil action for damages" and therefore, the offer of judgment was not valid under section 768.79.

The Fourth District reversed, holding that "[i]n construing the term 'action for damages,' this court has looked behind the procedural vehicle used to bring a lawsuit and focused on whether the 'real issue' in the case is one for damages." DiPompeo, 916 So. 2d at 18 (quoting National Indem. Co., 778 So. 2d at 408). Our sister court found that the offer of judgment was valid, because the "real issue" in the case was the entitlement to money damages, and the Florida Supreme Court, in Diamond Aircraft, approved DiPompeo's conclusion that "the plaintiff's claim was in actuality an action for damages because the real issue before the court was whether the plaintiff owed money to the defendant." Diamond Aircraft, 107 So. 3d at 373.

Nelson, 677 So. 2d at 998, involved the unsuccessful sale of a yacht, and the seller's retention of the buyer's escrowed deposit. The would-be buyer (Nelson) filed an action seeking a declaratory judgment that the seller (Marine Group) was

9

not entitled to retain the deposit as liquidated damages, and that the buyer was entitled to the return of the deposit. The seller counterclaimed with an action for damages (i.e., seeking to retain the buyer's escrowed deposit as liquidated damages). Ultimately, the trial court found that the buyer breached the contract and seller was entitled to retain the deposit. Seller sought attorney's fees based upon an offer of judgment. Buyer contended the offer was invalid because the case involved an action seeking both monetary and nonmonetary damages. The trial court found the offer of judgment valid, and the Fourth District affirmed this determination: "As evidenced both by the real issues in dispute and the counterclaim which clearly framed this case as an action for damages, the offer of judgment statute properly applied." Id. at 999.

This court has followed the Nelson/DiPompeo analysis approved in Diamond Aircraft. See Faith Freight Forwarding Corp. v. Anias, 206 So. 3d 753, 755 (Fla. 3d DCA 2016) (reversing trial court's order invalidating offer of judgment and, citing DiPompeo, holding that such an offer is permitted "where the plaintiff's claim was an action for damages because the 'real issue' before the court was whether the plaintiff was owed the compensation."). Other courts have followed this reasoning as well. See, e.g., Polk Cty. v. Highlands-in-the-Woods, LLC, 227 So. 3d 161 (Fla. 2d DCA 2017) (recognizing that "[w]hen determining whether a complaint alleges an action for damages or one for equitable relief,

10

Florida courts 'look to whether the 'real issue' is one for damages' or equitable relief"); Yacht Club on the Intracoastal Condo. Ass'n, Inc., 599 Fed. Appx. 875, 883 (11th Cir. 2015) (noting that "[i]t is clear that under Diamond Aircraft, we must reject The Yacht Club's argument that attorney's fees under § 768.79 are not available in any case in which a declaratory judgment accompanies a claim for damages. While the Florida Supreme Court found that cases seeking both monetary and non-monetary relief are not eligible for attorney's fees under § 768.79, by citation to Nelson and DiPompeo Construction, it reiterated that a court should look behind the procedural vehicle used in a complaint to discern what true relief is sought").

Therefore, reading Diamond Aircraft in tandem with Nelson and DiPompeo, we conclude that this case is an "action for damages," within the meaning of section 768.79(1), because it is plain that the true relief sought by the Javellanas was money damages for a breach of contract, rather than equitable relief. Accordingly, Tower Hill's offer of judgment was not invalidated by the Javellanas' inclusion of declaratory judgment counts in a cause of action that, in actuality, sought money damages.

This is not to say that the count for declaratory relief—i.e., seeking a declaration that Tower Hill did not, as a matter of law, comply with the terms of the policy merely by unilaterally determining actual cash value and paying that

11

amount—lacked serious merit, or was not at issue in this case. Nonetheless, that question, raised in a count for declaratory relief, was subsumed within the true relief sought, in this case: whether Tower Hill breached the policy by failing to pay actual cash value and if so, the amount of damages for the breach. If Tower Hill could unilaterally determine the actual cash value of the claim, and, as a matter of law, comply with the policy terms by paying that unilaterally-determined amount, then the Javellanas could not prove a breach, and could not, therefore, obtain damages.

On the other hand, by obtaining a favorable "outcome" on its declaratory count— that is, a determination that Tower Hill did not, as a matter of law, comply with the terms of the policy merely by unilaterally determining actual cash value and paying that amount— the Javellanas did not and could not obtain the "true relief" they sought in this action. Instead, a favorable outcome on that declaratory count simply established that the question of whether Tower Hill paid actual cash value in compliance with the terms of the policy was a question of fact for the jury, but nevertheless remained an inextricable component of the breach of contract claim. The Javellanas' decision to extract that discrete question from its breach of contract claim, and present it as a standalone count for declaratory relief, does not alter the fact that the true relief sought in the case was money damages for an alleged breach of contract.

12

Thus, the trial court erred in its conclusion that, because the Javellanas' action sought both equitable relief and money damages, Tower Hill's offers of judgment were invalid under section 768.79(1).[5]

We therefore affirm the trial court's order denying the Javellanas' motion for attorney's fees; reverse the trial court's order denying Tower Hill's motion for attorney's fees; and remand this cause for proceedings consistent herewith.

Affirmed in part, reversed in part and remanded with directions.

---

[5] The Javellanas have raised a number of additional bases for invalidating Tower Hill's offers of judgment. However, the trial court did not reach these, instead basing its order of denial on the issue addressed in this opinion. We decline to reach the merits of these additional bases, leaving it to the trial court, on remand and if appropriate, to address them in the first instance.