# Third District Court of Appeal

## State of Florida

Opinion filed November 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2009
Lower Tribunal No. 13-16523
_____

**Starboard Cruise Services, Inc.,**
Appellant,

vs.

**Thomas DePrince,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Isicoff, Ragatz & Koenigsberg, and Eric D. Isicoff and Carolina A. Latour, for appellant.

McDonald Hopkins, LLC, and Mario M. Ruiz and Joelle H. Dvir, for appellee.

Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

ROTHENBERG, C.J.

## INTRODUCTION

The defendant below, Starboard Cruise Services, Inc. ("Starboard"), appeals from the trial court's July 29, 2016 order denying its motion for attorney's fees, which was based on Starboard's proposal for settlement filed pursuant to section 768.79, Florida Statutes (2015), as implemented by rule 1.442, Florida Rules of Civil Procedure (2015). Because Starboard's offer to settle was conditioned on the plaintiff, Thomas DePrince ("DePrince"), releasing all claims asserted and dismissal with prejudice of all counts of the amended complaint, and DePrince's amended complaint contained both claims for monetary damages and equitable relief, the offer was not valid. Accordingly, we affirm the trial court's order denying Starboard's motion for attorney's fees.

## BACKGROUND

Starboard operates retail concessions on cruise liners. On February 11, 2013, DePrince was a passenger onboard a cruise ship where Starboard operated a jewelry boutique. While on the ship, DePrince visited the shipboard jewelry boutique and requested a quote for a 15 to 20 carat loose diamond. Because the jewelry store did not keep such large diamonds in stock, the store manager contacted its corporate office to request information regarding pricing and the availability of such a large diamond. The corporate office reached out to its diamond vendor, who responded *via* email and provided pricing for two diamonds:

(1) a 20.64 carat diamond which it priced at $235,000; and (2) a 20.73 carat diamond which it priced at $245,000.

DePrince's sister, a certified gemologist, warned DePrince that "something [was] not right" because a diamond of that size should be priced "in the millions." DePrince, however, agreed to purchase the 20.64 carat diamond, and paid for the diamond with a credit card. When Starboard submitted the order, the vendor clarified that its $235,000 quote was **per carat**, for a total of $4,850,400. Starboard immediately notified DePrince of the mistake and reversed the charge on his credit card. Shortly thereafter, DePrince filed the instant lawsuit against Starboard.

The amended complaint included the following counts: count I: specific performance, count II: breach of contract, and count III: conversion. In October 2015, Starboard served DePrince with a proposal for settlement pursuant to section 768.79 and rule 1.442, offering to settle counts II and III for $75,000. However, the proposal required a release and dismissal with prejudice as to **all** of DePrince's claims. Specifically, the proposal provided, in relevant part, as follows:

2. This proposal for settlement is to resolve all claims for damages that were asserted by DePrince against Starboard in this action, specifically, Counts II and III of the Amended Complaint.

3. There are no relevant conditions to this offer other than: (a) formal acceptance within the time period required by law; (b) the execution by DePrince of **a release of the claims asserted by DePrince against Starboard in this action**, in the form attached hereto as Exhibit "A"[;] and (c) execution and filing by DePrince of a notice of **voluntary dismissal with prejudice of**

3

**all counts of the Amended Complaint**, with DePrince and Starboard each to bear its own attorneys' fees and costs.

4.    Starboard proposes to settle Counts II and III in exchange for a payment by Starboard to DePrince in the amount of SEVENTY-FIVE THOUSAND DOLLARS AND NO CENTS (U.S. $75,000).

(emphasis added).

DePrince never responded to the proposal for settlement. Shortly before trial, DePrince voluntarily dismissed his claims for specific performance and conversion, leaving only his breach of contract claim. The case proceeded to trial and the jury returned a verdict in Starboard's favor. Thereafter, as the prevailing party, Starboard filed a motion for attorney's fees pursuant to section 768.79.

The trial court denied Starboard's motion and issued a very detailed order. Specifically, the trial court concluded that: (1) Starboard's proposal for settlement was unambiguous; (2) the acceptance of the proposal was conditioned on DePrince signing a release of all claims asserted in the lawsuit and dismissing all claims (monetary and nonmonetary) with prejudice; and (3) thus, the proposal was invalid under Diamond Aircraft Industries, Inc. v. Horowitch, 107 So. 3d 362 (Fla. 2013).

We agree with the trial court's findings and, therefore, we affirm.

## STANDARD OF REVIEW

Our standard of review is *de novo* because:    (1) when determining entitlement to fees based on the interpretation of a statute, the standard of review is

4

*de novo*, see Allstate Ins. Co. v. Regar, 942 So. 2d 969, 971 (Fla 2d DCA 2006); and (2) the standard of review for proposals for settlement is also *de novo*. See Jamieson v. Kurland, 819 So. 2d 267, 268 (Fla. 2d DCA 2002).

## ANALYSIS

### I. Starboard's Offer Was Unambiguous

DePrince's amended complaint asserted claims for specific performance, breach of contract, and conversion. Although Starboard's proposal for settlement offered to settle **only** the breach of contract and conversion claims for $75,000, the offer was contingent upon DePrince executing a release and dismissing with prejudice **all of his claims**. The trial court found that:

> The offer proposed that DePrince would be paid $75,000 in satisfaction of his damage claims. In exchange[,] DePrince would release – and dismiss with prejudice – all claims asserted in the case. There were no conflicting terms; the proposal clearly articulated the claims that would be settled and the claims which would have to be released; it specified the precise amount to be paid; and it identified the proposed releaser and releasee. It was as simple and unambiguous as a proposal for settlement could possibly be.

The trial court, therefore, found that the offer of settlement was unambiguous and "capable of implementation without the need for any clarification." We agree.

### II. Section 768.79 and Rule 1.442 Must Be Strictly Construed

Section 768.79 creates a substantive right to attorney's fees when, among other things, a plaintiff refuses to accept an offer of judgment from the defendant, and the resulting judgment is either one of no liability, MYD Marine Distrib., Inc.

5

v. Int'l Paint Ltd., 187 So. 3d 1285, 1286 (Fla. 4th DCA 2016), or if the judgment obtained by the plaintiff is at least twenty-five percent less than the amount of the offer. § 768.79. Rule 1.442 provides the procedural mechanism for application of section 768.79. Saenz v. Campos, 967 So. 2d 1114, 1116 (Fla. 4th DCA 2007). When construing the language of section 768.79 and rule 1.442, the law is clear: both provisions must be strictly construed because they are in derogation of the common law rule that each party is responsible for its own attorney's fees. Campbell v. Goldman, 959 So. 2d 223, 226 (Fla. 2007).

Section 768.79 provides that offers of judgment apply only to "any civil action for damages." Courts have consistently interpreted this phrase as being applicable to a claim in a civil action in which a party seeks **only money damages**. See Winter Park Imports, Inc. v. JM Family Enters., 66 So. 3d 336, 340 (Fla. 5th DCA 2011); Beyel Bros. Crane & Rigging Co. of S. Fla., Inc. v. Ace Transp., Inc., 664 So. 2d 62, 64-65 (Fla. 4th DCA 1995).

Although the Fifth District Court of Appeal in Winter Park held that strict construction of the phrase "in any action for damages" cannot include claims for equitable relief or claims that seek both monetary and nonmonetary relief, id. at 338-42, it left the door open for offers of judgment (proposals for settlement)[1] that only offer to settle the monetary claims. Specifically, the Fifth District stated that

---

[1] The terms "proposal for settlement" and "offers of judgment" are used interchangeably, however section 768.79 uses the term "offers of judgment."

6

it was not willing to conclude that "an offer (or demand) for judgment can **never** be utilized when a party has included separate claims for monetary and nonmonetary relief in the same pleading, and the offer (or demand) is directed only to the monetary claim." Id. at 341 (emphasis added). However, citing Palm Beach Polo Holdings, Inc. v. Equestrian Club Estates Property Owners Ass'n, 22 So. 3d 140 (Fla. 4th DCA 2009), the Fifth District found that "section 768.79 is inapplicable where a party's general offer of settlement is directed to a claim in which both damages and non-monetary relief is sought." Id. at 342.

## III. **Diamond Aircraft**

After the Fifth District issued its opinion in Winter Park, the Florida Supreme Court decided Diamond Aircraft. In Diamond Aircraft, the plaintiff contracted to purchase an airplane. Diamond Aircraft, 107 So. 3d at 365. A dispute arose and the plaintiff filed an action for specific performance, breach of contract, breach of the covenant of good faith and fair dealing, and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Id. The action, which was originally filed in state court, was subsequently removed to federal court. Id. Thereafter, Diamond Aircraft served the plaintiff with an offer of judgment in the amount of $40,000 "to resolve all claims that were or could have been asserted by plaintiff against defendant" in exchange for a dismissal with

7

prejudice of all claims pending against Diamond Aircraft. Id. The offer was rejected, and summary judgment was ultimately entered in favor of Diamond Aircraft. Id. at 366. The remaining FDUTPA claim proceeded to trial and Diamond Aircraft prevailed on that claim as well. Id.

As the prevailing party, Diamond Aircraft moved for attorney's fees under section 768.79. Id. at 365. The United States District Court denied the motion, finding that section 768.79 was inapplicable because the plaintiff had asserted both an equitable claim for nonmonetary relief (specific performance) and, in the alternative, a claim for damages based on either breach of contract, breach of implied covenants, or deceptive trade practices. Id. at 365. Diamond Aircraft appealed to the Eleventh Circuit Court of Appeals. Id. at 364.

On appeal, the Eleventh Circuit examined Florida law with regard to requests for attorney's fees under FDUTPA and section 768.79. After concluding that Florida law had not specifically addressed this issue, the court certified four questions to the Florida Supreme Court. Id. The question certified which is at issue here was:

> DOES FLA. STAT. § 768.79 APPLY TO CASES THAT SEEK EQUITABLE RELIEF IN THE ALTERNATIVE TO MONEY DAMAGES; AND, EVEN IF IT DOES NOT GENERALLY APPLY TO SUCH CASES, IS THERE ANY EXCEPTION FOR CIRCUMSTANCES IN WHICH THE CLAIM FOR EQUITABLE RELIEF IS SERIOUSLY LACKING IN MERIT?

8

Answering both parts of the certified question in the negative, the Florida Supreme Court found that section 768.79 does not apply to cases that seek both equitable relief and damages, and that there exists no exception to the rule for equitable claims that lack merit. Id. at 372. The Florida Supreme Court explained that Florida courts have routinely held that the phrase in section 768.79 which states "in any civil action for damages" is applicable to a claim in a civil action where a party seeks only money damages. See e.g. Beyel Bros. Crane & Rigging Co. of S. Fla. Ins. v. Ace Transp. Inc., 644 So. 2d 62, 64-65 (Fla. 4th DCA 1995); Nelson v. Marine Grp. of Palm Beach, Inc., 677 So. 2d 998, 999 (Fla. 4th DCA 1996) (applying section 768.79 in a declaratory action where the only issue was entitlement to money held in escrow).

Thus, the Florida Supreme Court concluded that section 768.79 does not apply to an action in which a plaintiff seeks both damages and equitable relief, and where the defendant has served a general offer of judgment that seeks the release of all claims. Id. at 374.

## IV. Application of Diamond Aircraft to Starboard's Offer of Settlement

### A. The Offer

Starboard insists that Diamond Aircraft does not apply here, because its offer was not a general offer, as it was directed only to DePrince's monetary claims. We disagree. The trial court properly concluded that Starboard's offer

9

was undeniably a general offer, as it required DePrince to release Starboard for **all** of the claims that were asserted in the case, not just Starboard's claims for breach of contract and conversion, and to dismiss with prejudice **all counts** of the amended complaint. In other words, the proposal for settlement was meant to resolve all claims, no matter their nature, arising from the parties' transaction. Although the structure of the proposal directed payment to only counts II and III (breach of contract and conversion), the proposal was conditioned upon a release and dismissal of DePrince's equitable claim seeking specific performance as well as his damages claims. See e.g., Palm Beach Polo Holdings, 22 So. 3d at 144 (finding that offers of settlement that are directed to all claims [monetary and nonmonetary] contained in the complaint are general in nature).

## B. <u>True Relief</u>

Starboard contends that its proposal for settlement was enforceable and that an award of attorney's fees is appropriate because the "true relief" sought by DePrince was monetary damages. Although we recognize that the "true relief" test is a valid and viable consideration in some cases, the record in the instant case does not support its application to the offer of judgment made by Starboard in this case.

The following are some examples where appellate courts have applied the "true relief" doctrine. In <u>DiPompeo Constr. Corp. v. Kimmel & Assocs., Inc.</u>, 916 So. 2d 17, 17-18 (Fla. 4th DCA 2005), the Fourth District Court of Appeal

examined the validity of the plaintiff's offer of judgment in a case wherein the plaintiff had filed a declaratory action seeking a determination that no contract existed and thus, no money was owed to the defendant under the subject contract. The Fourth District looked at the nature of the claim and concluded that the "plaintiff's claim was in actuality an action in damages because the real issue before the court was whether the plaintiff owed money to the defendant," id. at 18-19, and thus the offer of judgment was valid. Id.

The Fourth District Court of Appeal reached the opposite result in National Indemnity Co. v. Consolidated Insurance Services, 778 So. 2d 404 (Fla. 4th DCA 2001). The plaintiff in that case also filed an action for declaratory relief, however in that case the plaintiff had requested that the trial court declare whether an insurance policy was in full force and effect on the day that the underlying tort occurred. Id. at 406. The Fourth District concluded that the trial court had correctly found that the offer of judgment under section 768.79 in that case was not valid because the action was not a civil action for damages as contemplated by section 768.79. The Fourth District found that the "real issue" in that case was whether there was insurance coverage. Id. at 408. No money damages or payment of money had been requested, the claim was solely for equitable relief, and thus, section 768.79 was not applicable. Id.

11

The Florida Supreme Court specifically addressed: DiPompeo and National Indemnity in Diamond Aircraft, and noted, without disapproval, that the Fourth District had looked at the nature of the claims asserted and determined what the "real issue" was when deciding the applicability of section 768.79. Diamond Aircraft, 107 So. 3d at 373. Armed with the apparent approval of the Florida Supreme Court in Diamond Aircraft, the Fourth District again applied the "true relief" test in MYD Marine Distributor v. International Paint Ltd., 187 So. 3d 1285 (Fla. 4th DCA 2016).

In MYD, the plaintiff, consisting of several MYD entities ("MYD"), filed suit alleging that the defendants violated state antitrust laws by conspiring to oust MYD as a distributer of yacht products. Id. at 1286. Specifically, the complaint alleged several causes of action for conspiracy in restraint of trade and breach of contract. As to the conspiracy counts, MYD sought damages, costs and fees, as well as a permanent injunction. Id. The defendant ultimately obtained summary judgment and moved for attorney's fees pursuant to an offer of judgment and section 768.79. The trial court granted the defendants' motion because, in its view, MYD never really pursued its injunctive relief claim, and instead litigated only its money damages claim. Id. The Fourth District Court of Appeal affirmed because MYD never pursued nonmonetary relief during the course of the litigation. Id.

12

In Tower Hill Signature Insurance Co. v. Javellana, 238 So. 3d 372 (Fla. 3d DCA 2014), this Court also applied the true relief test and concluded that the defendant, Tower Hill, was entitled to its fees pursuant to its offer of judgment, even though the complaint contained counts for both damages and equitable relief. Specifically Javellana's complaint contained three counts: one count alleging breach of contract and two counts seeking declaratory relief. However, this Court determined that the "true relief" sought by the plaintiff was monetary damages and thus Tower Hill's offer of judgment was valid. Id. at 373. In that case, the plaintiffs sustained water damage to their home and initiated a claim with Tower Hill, their homeowner's insurer. Id. After conducting an investigation and inspection, Tower Hill tendered payment in an amount that it deemed was the "actual cash value" of the loss. Id. The plaintiffs disagreed with the amount and argued that the claim was grossly underpaid. Thereafter, they sued to recover monetary damages under the insurance policy. Although the plaintiffs also sought declaratory relief, this Court held that "the count for declaratory relief was subsumed within the true relief sought in this case: whether Tower Hill breached the policy by failing to pay actual cash value and if so, the amount of damages for the breach." Id. at 377. That was clearly not the case here.

MYD, DiPompeo, and Tower Hill are clearly distinguishable from the instant case. In DiPompeo, the sole relief sought was in actuality a request for

monetary relief; in <u>MYD</u>, the proposal specifically stated that the offer of judgment was directed solely to the plaintiffs' claim for money damages; and in <u>Tower Hill</u>, the count for declaratory relief was subsumed in the breach of contract claim. However, in the instant case, although Starboard's "proposal for settlement" under section 768.79 initially stated that the proposal was to resolve all claims for damages and specifically directed the proposal to counts II and III of the amended complaint (claims for breach of contract and conversion), the proposal also required DePrince to release all of the claims asserted by DePrince against Starboard in this action and to dismiss with prejudice all counts of the amended complaint. Additionally, the proposed release attached to the proposal for settlement contained similar language requiring DePrince to "release and forever discharge Starboard … of and from all claims that were asserted by [DePrince] against [Starboard]" in the instant action, with prejudice as to counts I, II, and III. As count I was DePrince's claim for specific performance, the proposed release clearly required DePrince to also release and discharge DePrince's equitable claim against Starboard as a condition of the proposal for settlement.

Additionally, the record does not reflect, as Starboard claims, that despite DePrince's nonmonetary equitable claim for specific performance, the "true relief" being requested was for monetary damages. The record reflects that DePrince actively litigated his claim for specific performance. Starboard sought and

14

obtained summary judgment of DePrince's specific performance claim, arguing that the diamond was not unique, Starboard did not have possession of the diamond, and therefore it could not deliver the diamond to DePrince. This Court reversed the summary judgment granted in Starboard's favor based on: DePrince's argument that Starboard had possession of the diamond by way of its consignment with its supplier; DePrince had submitted an unrebutted affidavit from his expert gemologist averring that the gem was unique; and whether the diamond was in fact unique was a factual issue not properly resolved on summary judgment. DePrince v. Starboard Cruise Servs., Inc., 163 So. 3d 586, 598 (Fla. 3d DCA 2015). The record also reflects that: (1) DePrince was ready, willing, and able to pay for the quoted purchase price of the diamond; and (2) DePrince did not abandon his specific performance claim until just before trial, which was well after the proposal for settlement had been rejected by DePrince, and after DePrince had deposed Starboard's supplier, who testified, contrary to Starboard's representations, that it also never had possession of the diamond.

## CONCLUSION

We conclude that Starboard's proposal for settlement was unambiguous, and the proposal was conditioned on DePrince releasing all of his claims asserted in the lawsuit and dismissal of all of his claims with prejudice. Because DePrince was seeking both monetary and nonmonetary relief, Starboard's proposal for

15

settlement under section 768.79 was invalid. We, therefore, affirm the trial court's order denying Starboard's motion for attorney's fees based on its proposal for settlement.

Affirmed.