# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1029
Lower Tribunal No. 20-CA-002296

_____

MASSEY CONSTRUCTION GROUP, INC. a/a/o ARTHUR CARLSON and CAROL CARLSON,

Appellant,

v.

ALEX FINCH, P.A. d/b/a FINCH LAW FIRM and FROMANG & FINCH P.A.,

Appellees.

_____

Appeal from the Circuit Court for Lee County.
Michael T. McHugh, Judge.

November 14, 2025

TRAVER, C.J.

Massey Construction Group, Inc., a/a/o Arthur Carlson and Carol Carlson ("Massey Construction") appeals the trial court's denial of two motions for attorney's fees and costs under section 768.79, Florida Statutes (2021). We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Because section 768.79 does not apply to a non-party's action to enforce an equitable charging lien, we affirm.

While this proceeding involves a dispute between Massey Construction and its former counsel, it began as an unremarkable first-party insurance claim. Massey

Construction hired Alex Finch d/b/a Finch Law Firm and Fromang & Finch, P.A. (collectively, "Former Counsel") to sue an insurer for damages. The relationship between Massey Construction and Former Counsel soured, though, and Former Counsel withdrew. Former Counsel then filed a notice of imposition of attorney charging lien against Massey Construction.

When Massey Construction and the insurer settled the case, Former Counsel moved to enforce their lien. Massey Construction moved to strike this motion or discharge the lien. It also served Former Counsel with two nearly identical offers of judgment under section 768.79 and Florida Rule of Civil Procedure 1.442. Former Counsel did not respond. Following an evidentiary hearing, the trial court granted Massey Construction's motion to strike or discharge and denied Former Counsel's motion to enforce. We affirmed this decision without opinion. *See Finch Law Firm v. Massey Constr. Grp.*, 370 So. 3d 658 (Fla. 6th DCA 2023).

Massey Construction then filed two analogous motions against Former Counsel seeking attorney's fees. It observed that it had prevailed in the ancillary charging lien proceeding. Therefore, Massey Construction argued that it was entitled to recover from Former Counsel the attorney's fees it had incurred from the date it made its offers of judgment.

Focusing its analysis on the statute's and rule's plain language, the trial court denied Massey Construction's motions. It observed that section 768.79 applied to

"civil action[s] for damages," and Former Counsel's efforts to enforce an equitable lien did not meet this requirement. It also reasoned that the statute and rule applied to "parties," and Former Counsel were not parties to the action between Massey Construction and the insurer. It finally noted that to garner relief under section 768.79, a "plaintiff" had to obtain a judgment at least 25% percent more than its offer. The trial court identified Massey Construction as the "plaintiff" in the case and explained that it neither sought nor obtained a judgment in the ancillary lien proceeding. Massey Construction challenges this ruling.

We review de novo Massey Construction's eligibility to recover its fees and costs under section 768.79 and rule 1.442. *See Kuhajda v. Borden Dairy Co. of Ala., LLC*, 202 So. 3d 391, 393–94 (Fla. 2016) (citing *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015)). The Florida Supreme Court directs us to "strictly" construe the terms of this statute and rule "because they are in derogation of the common law rule that each party should pay its own fees." *See id*. at 394 (collecting cases).

Our interpretation of section 768.79 and rule 1.442 focuses on their plain language. *See Ham v. Portfolio Recovery Assocs.*, 308 So. 3d 942, 946 (Fla. 2020) (articulating supremacy-of-the-text principle). Three phrases or terms are at issue. First, the statute generally applies to "any civil action for damages filed in the courts of this state." § 768.79(1). Second, the statute refers to a "party" or "parties" in multiple instances, including provisions about the required contents for an offer of

3

judgment or demand for judgment, service requirements, and determination of whether someone made an offer or demand in good faith. *See* § 768.79(2), (3), (7). Third, the statute describes the person filing an offer of judgment as a "defendant" and the person filing a demand for judgment as a "plaintiff." *See* § 768.79(1), (6). The rule likewise refers to a "party" or "parties" in multiple contexts. *See* Fla. R. Civ. P. 1.442(c)(2)–(4), (d), (g), (h)(1)–(2), (j). And it mirrors the statute's references to a "plaintiff" and a "defendant" as persons or entities who make proposals for settlement.[1] *See id.* 1.442(a).

Massey Construction argues that the trial court erred when it interpreted the statute and rule as excluding ancillary attorney charging lien litigation. Relying almost exclusively on a federal district court decision, it contends that the "case within a case" nature of charging lien litigation compels a different result. *See Elessar v. Verizon Wireless Pers. Commc'ns, LLP*, No. 18-80025-CV, 2020 WL 6156498, at *1 (S.D. Fla. Aug. 26, 2020). Massey Construction argues that Former Counsel were "parties" to this ancillary proceeding, and that the proceeding's nature changed its role from "plaintiff" to "de facto defendant." *See id.* at *5 (finding official party assignment irrelevant in "case within a case" scenarios). Massey Construction concedes that this case sought to enforce an equitable right, but it

---

[1] Rule 1.442 applies to all proposals for settlement, even if section 768.79 refers to them as offers or demands. *See* Fla. R. Civ. P. 1.442(a).

4

argues that we should look to the monetary relief Former Counsel sought, and not the remedy they employed to gain that relief. *See id*. at \*4 ("[Attorney] made an equitable *claim* in this case (enforcement of the attorney charging lien), but the *remedy* it sought was not a remedy in equity. The only remedy [Attorney] sought was monetary damages."). But neither Massey Construction nor *Elessar* analyzed section 768.79's or rule 1.442's plain language. This critical step forecloses Massey Construction's arguments and illustrates why we respectfully disagree with *Elessar*.

First, Former Counsel did not pursue "a civil action for damages." *See* § 768.79(1), Fla. Stat. The operative statute does not apply to actions in equity. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 375 (Fla. 2013).[2] A charging lien is a judicially created, "equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384 (Fla. 1983). Thus, a charging lien proceeding is not

---

[2] Our sister courts have recognized an exception to *Diamond Aircraft*'s holding when a plaintiff sues for a declaratory judgment and a claim seeking monetary damages. *See, e.g.*, *Tower Hill Signature Ins. v. Javellana*, 238 So. 3d 372, 375–77 (Fla. 3d DCA 2017) (breach of contract); *Polk Cnty. v. Highlands-in-the-Woods, LLC*, 227 So. 3d 161, 163–64 (Fla. 2d DCA 2017) (inverse condemnation). They reason that the "true relief sought" or "real issue" is damages under the claim seeking monetary damages, and thus an equity-based declaratory judgment claim does not bar recovery under section 768.79(1). *See Javellana*, 238 So. 3d at 377–78; *Highlands-in-the-Woods, LLC*, 277 So. 3d at 163–64. While we offer no opinion on this exception's legal merit, we decline to expand it to a scenario that does not involve multiple causes of action, one of which seeks legal damages.

an action for damages; it merely secures former counsel's right to a portion of its former client's recovery. *See id.* And it does not generate "damages" because attorney's fees generally are not damages. *See Cheek v. McGowan Elec. Supply Co.*, 511 So. 2d 977, 979 (Fla. 1987) ("[T]he recovery of attorney's fees is ancillary to the claim for damages."). Because an ancillary charging lien proceeding is an equitable action that does not seek damages, Massey Construction cannot rely on section 768.79(1) as a basis to recover the fees it incurred therein.

Second, Former Counsel were never "parties" to this first-party insurance case. Florida Rule of Civil Procedure 1.210(a) describes "parties generally" as plaintiffs and defendants. *See* Fla. R. Civ. P. 1.210(a) ("All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff."). The rule also contemplates the addition of parties to a case "if that person's presence is necessary or proper to a complete determination of the cause." *See id*. And the civil rules delineate multiple ways to add someone as a party to a proceeding. *See* Fla. R. Civ. P. 1.170 (counterclaims and crossclaims), 1.180 (third-party practice), 1.240 (interpleader).[3] An attorney who moves to

---

[3] In *Elessar*, the former counsel was an intervenor. *See* 2020 WL 6156498, at *2; *see also* Fla. R. Civ. P. 1.230. We do not speculate whether Former Counsel could have obtained "party" status under section 768.79 and rule 1.442 had it successfully moved to intervene.

enforce a charging lien is no more a "party" to a proceeding than a person served with a document subpoena who seeks a protective order. *See* Fla. R. Civ. P. 1.280(d) ("On motion by a party *or a person* from whom discovery is sought . . . ." (emphasis added)). Because Former Counsel were not parties here, Massey Construction cannot avail itself of a statute and rule that required Former Counsel's party status as a condition of their applicability.

Third, section 768.79 requires a "defendant" to propound an offer of judgment, and Massey Construction has always been a plaintiff in this proceeding. *See* § 768.79(1), (6). The statute makes no provision for a "de facto plaintiff" or a "de facto defendant" in an ancillary proceeding. In construing section 768.79, we give its language its plain and ordinary meaning, and we do not add words to a legislative enactment. *See Exposito v. State*, 891 So. 2d 525, 528 (Fla. 2004) (quoting *Seagrave v. State*, 802 So. 2d 281, 286 (Fla. 2001); *Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999)).

If the Legislature wishes to amend to include attorney's fee charging lien proceedings, it knows how to do so. As drafted, though, we cannot and do not read the statute's plain language to encompass this right. For this reason, we affirm.

AFFIRMED.

MIZE and BROWNLEE, JJ., concur.

7

Michael G. Fink, of Mike Fink Law Firm, P.A., Fort Myers, and Margaret H. White-Small of Margaret H. White-Small, Attorney at Law, Longboat Key, for Appellant.

Alex Finch, of Finch Legal, PLLC, Longwood, for Appellees.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED